In the Matter of the Assignment of RICHARD F. EDWARDS to JOHN CREIGHTON, (JOSEPH ANNIN substituted as Assignee) for the Benefit of Creditors.

[SPECIAL TERM.]

(Decided August 4th, 1880.)

Upon an accounting by an assignee for the benefit of creditors who asks to be relieved from the trust, evidence of the value of the assigned estate when turned over by him to his successor is admissible.

The costs of such an accounting are ordinarily to be borne by the trust fund ; but if the assignee, to serve his own ends or to suit his own convenience, refuses to go on with the trust, he must pay the costs which his conduct occasions.

When an assignee for the benefit of creditors has incurred liability for rent by retaining premises occupied by the assignor, in determining whether such rent shall be charged to the estate or to the assignee personally, the question is, did the assignee in so doing act as a cautious and prudent man would have acted in his own affairs.

APPLICATION to confirm the report of a referee upon an accounting by an assignee under a general assignment for the benefit of creditors.

The facts are stated in the opinion.

VAN HOESEN, J.—Why the referee should have refused to permit the contestants to show the value of the assigned estate at the time Creighton turned it over to Annin, the substituted assignee, I am at a loss to discover. It certainly was proper for the contestants to prove if they could that the assigned estate had diminished in value whilst in Creighton's hands, and that Creighton was responsible for such diminution. The evidence which was offered, and which the referee rejected, was directed to that very point. It may very well be that the estate consisted of articles not of a fluctuating value, and that the probabilities are that the property did not deteriorate during the short time of Creighton's assigneeship, but nevertheless the evidence was competent. The matter must be remitted to the referee that the evidence offered and rejected may be received.

With respect to the point that the costs of this accounting should be borne by Creighton, and not by the trust fund, I will make this suggestion. The contestants did not show why Creighton asked to be relieved from his trust. The papers showing this may be on file, but they were not before me on this motion. I cannot say that such a state of facts exists as requires the court to order the expenses incident to the appointing of a new trustee to be paid by the retiring trustee. The rule is that a trustee shall not capriciously refuse to carry out the trust which he assumed. But if

Matter of Edwards.

complicated questions arise out of the administration of the trust—questions not merely personal to himself, but appertaining to the execution of the trust, and such questions raise difficulties not foreseen when the trust was accepted, the trustee may properly ask the court to relieve him; and the costs incident to the accounting and to the appointment of his successor will be borne by the estate. But if the trustee, to serve his own ends or suit his own convenience, refuses to go on with his trust, he and not the estate, must pay the costs which his conduct occasions (*Forshaw* v. *Higginson*, 20 Beav. 485; *Howard* v. *Rhodes*, 1 Keen, 581; *Greenwood* v. *Wakeford*, 1 Beav. 576).

As to the liability of the estate for the rent of the premises hired by the assignee from Oxley and Giddings, I will say that I do not see why upon the evidence taken before the referee either Creighton or the estate should be answerable for it. The rule laid down by this court in *Journeay* v. *Brackley* (1 Hilt. 447), would probably exempt the assignee from liability, provided the whole truth appeared on the hearing before the referee, and if he be not liable of course the estate is not. But if, as may be the case, the assignee has made himself responsible, the question still remains, ought the estate to be charged with the rent? I shall ask the referee to pass directly upon this question: did Creighton, in keeping the store and premises which Edwards had occupied, and in incurring a liability for rent to the amount of about $1,300, act as a cautious and prudent man would have acted in his own affairs? (See *Litchfield* v. *White*, 7 N. Y. 438.)

An order may be entered sending the case back for further proof, and for an answer to the foregoing inquiry.

Report referred back.