96   327<br>
162   37<br>
162   38

In the Matter of the Petition of HEZEKIAH ALLEN for leave to resign his office as Trustee.

Testamentary trustees who serve to the end of the trust are entitled to the statutory fees without regard to the actual trouble or labor to which they have been put.

Where such a trustee resigns, leaving the trust still existing and to be further executed by another, compensation may not be claimed by him as of course, but it is within the power and discretion of the court to award it. Within the statutory limit the trustee takes the allowance made, if any, as one of the terms or conditions of his discharge, and, if he accepts the relief, must take it upon such terms and conditions as the court thinks proper to impose (1 R. S. 730, § 69), and so he cannot complain of the allowance.

(Argued June 6, 1884; decided June 17, 1884.)

These are cross appeals from so much of an order of the General Term of the Supreme Court, in the fourth judicial department, made the first Tuesday of January, 1883, as modified an order of Special Term, so far as it fixed the compensation of petitioner as trustee.

The material facts are stated in the opinion.

*J. B. Adams* for appellants. The petitioner having left the whole management of the trust property to his co-trustees, and they having received the entire income derived therefrom, which belonged to them as life tenants, he is not entitled to commissions on money received and disbursed by them. (*In re Woven Tape Skirt Co.*, 85 N. Y. 506; *In re Hurlburt*, 89 id. 259; 2 R. S. 93, § 58; Code of Civ. Pro., § 2736; *Savage* v. *Sherman*, 24 Hun, 307; 87 N. Y. 277.) The mortgage debts should be deducted from the gross value of the real estate in computing commissions upon the capital of the trust. (*In re Accounting of Dean*, 86 N. Y. 398.) The court has no power to accept the resignation of a trustee by petition, independent of the statute, without the consent of all parties interested in the execution of the trust. (*In re Van Wyck*, 1 Barb. Ch. 565; *In re Jones*, 4 Sandf. Ch. 615.) Instead of each trustee being entitled to a full commission on the trust estate, only one commission can be allowed to the three trustees, and that sum should be "apportioned among them according to the services rendered by them, respectively," as provided by 2 Revised Statutes, 93, section 59. (*Matter of Manice*, 31 Hun, 119; Code, § 2736.)

*A. J. Abbott* for respondent. The General Term erred in computing commissions upon income as upon an annual accounting, when no such accounting had, in fact, been had. (*Betts* v. *Betts*, 4 Abb. N. C. 323, 441; *Westfield* v. *Westfield*, 1 Brady, 199; *Wheelright* v. *Rhoades*, 28 Hun, 57; 1 Demorest, 477.) Commissions upon the whole value of the real and personal property are allowable to trustees, the same as to executors, guardians, etc., and where the amount of the trust estate

is over $100,000, the allowance is without regard to the relative amount of service rendered by each. (2 Bliss' Code of Civ. Pro., § 2736 and notes *f, a, i,* note *e,* p. 717; id., § 2811; *Matter of Moffat,* 24 Hun, 325; *Clute* v. *Gould,* 28 id. 348; *Phœnix et al.* v. *Phœnix et al.,* id. 629; *Whitsun* v. *Whitsun,* 53 N. Y. 479; 3 R. S. [6th ed.], 71, p. 101; Laws of 1863, p. 608; 6 Paige, 96; McClellan's Surrogate [2d ed.], p. 622; *Van Nest Estate,* 1 Tucker, 130; *Meacham* v. *Sterns,* 9 Paige, 398; *Wagstaff* v. *Lowerre,* 23 Barb. 209; 3 Abb. Pr. 411; *In re De Peyster,* 4 Sandf. Ch. 511; *Cowing* v. *Howard,* 46 Barb. 579, 586, 587; *In re Shull, Trustee,* 53 N. Y. 263, 264, 265; 2 Perry on Trusts, § 918, note 1, par. 6.)

DANFORTH, J.   The petitioner was one of several trustees, appointed to carry out a trust created by the will of J. S. W. Upon his petition, and for reasons satisfactory to the Supreme Court, his resignation was accepted and a successor appointed. The Special Term allowed him one-half of one per cent commissions, amounting to $1,562.15, as for receiving the capital or body of the estate; but upon appeal the General Term so modified the order as to give him, in lieu thereof, for his services as trustee, $1,064.97.

It is conceded by both parties that the Supreme Court had jurisdiction to accept the resignation of trustee Allen, and discharge him from the trust, upon such terms as the rights and interests of the persons affected by the execution of it might require.   Therefore, although those persons as well as the trustee appeal from the order on that petition, we do not understand that any objection is offered to that part which permits his resignation, but upon different grounds each is dissatisfied with the compensation awarded to the trustee — one because the sum is too small, the other because it was not wholly denied.

It is difficult to explain the reasoning which has led to the last conclusion, for it follows a concession that the trustee was duly appointed; that he assumed the responsibility and entered upon the discharge of the duties of his office, and has in no

respect failed in performance. The principal care may have devolved upon the other trustees, but this is not material. The testator thought proper not only to create the trust, but to require for its execution three trustees, and the law now permits compensation to persons placed in that situation, and who serve to the end of the trust without regard to the actual trouble or labor to which they have been put. (*Collier* v. *Munn*, 41 N. Y. 143.) It is true the petitioner cannot claim on that ground. He does not intend to continue. For reasons involving no blame, he resigns, leaving the trust still existing and to be further executed by another person. Compensation, therefore, cannot be claimed as of course, and if allowed must also be measured by a different rule from that which the law applies when the trusts created by the terms of a will, or otherwise, have been fully executed. He takes it, if at all, as one of the terms or conditions of his discharge. The court has power to award it, and within the statutory limit by which fees are allowed to executors and trustees, its amount is discretionary.

Here the sum given by the General Term of the Supreme Court seems, under the circumstances of this case, a reasonable one, with which the petitioner must, at all events, be contented. If he accepts the relief asked for, he must take it upon such terms and conditions as the court thinks proper to impose (1 R. S. 730, § 69); and as those in question are not beyond its jurisdiction, they are not subject to review.

The appeal of the petitioner should, therefore, be dismissed, and so far as the order is appealed from by the co-trustees, it must be affirmed, without costs to either party.

All concur.

Ordered accordingly.