In the Matter of the Judicial Settlement of the Account of Proceedings of HUGH DOUGLAS, as Executor of and Trustee under the Last Will and Testament of MARY E. BIRD, Deceased.

AMELIA M. ODELL and Others, Respondents; HUGH DOUGLAS, Individually and as Executor, etc., under the Last Will and Testament of MARY E. BIRD, Deceased, Appellant.

*Executor — a surcharge on a judicial accounting is* res adjudicata *on the final accounting — objection to securities not taken on the intermediate, cannot be taken on the final accounting — one-half commissions, in case of a discharge before the complete execution of the trust.*

A decree rendered upon a judicial accounting by an executor, surcharging his account with the value of certain bonds which it is adjudged that he should have obtained from a person indebted to the estate, is, if it still remains in force, *res adjudicata* on the executor's final accounting.

Where the account filed by an executor on his judicial accounting shows that he has retained in his possession securities not of the nature or character of those in which executors are authorized to invest, and the beneficiaries under the will then make no attempt to hold him responsible for any loss sustained up to that time and raise no objection to his continuing to hold such securities they are estopped from doing so upon the final accounting.

Where an executor is discharged, upon his own motion, before the complete execution of his trust, the surrogate may, in his discretion, allow him but one-half of the regular commissions.

APPEAL by Hugh Douglas, individually and as executor and trustee under the last will and testament of Mary E. Bird, deceased, from certain portions of a decree of the Surrogate's Court of the county of New York, entered in said Surrogate's Court on the 25th day of June, 1900, in a proceeding for the settlement of his accounts as such executor and trustee.

*Otto T. Hess,* for the appellant.

*A. H. Ammidown,* for the respondents.

McLAUGHLIN, J.:

On the 17th of July, 1889, Mary E. Bird died leaving a last will and testament, which was admitted to probate in August following, and letters testamentary thereon were issued to the executor therein

named, the appellant herein, who qualified and has since acted as such.

On the 5th of April, 1891, the executor filed an account of his proceedings to that time, to which certain objections were made, and, among others, that the account should be surcharged with the value of two bonds of the Columbus, Hocking Valley and Toledo Railroad Company, including certain interest coupons.

The issues raised by the objections were sent to a referee to take proof with respect to the same, and make a report thereon to the court. The referee thereafter reported as to the bonds, that at the death of the testatrix a claim existed in her favor against one Henry C. Hepburn, which, after an action had been brought by the executor, was settled by him for five bonds of said railroad company; that only three of such bonds had, at that time, been delivered to the executor, but, notwithstanding that fact, he should be charged with the value of the other two, which was then fixed at $1,750, and that he should also be charged with certain interest coupons amounting to $150, making in all $1,900.

This report was subsequently confirmed by an order of the Surrogate's Court and a decree entered to that effect in 1892, from which no appeal was taken, nor any attempt made to impeach its correctness, until April, 1898, when the executor filed another account and upon his own petition asked to be finally discharged. In this last account the executor credited himself with $1,900, the value of the two bonds and the interest coupons with which he had been charged in the decree of 1892. He also credited himself with $3,000, the par value of three bonds of the Staten Island Gas Light Company, with which he had also been charged in the decree of 1892. These credits were made by him, to use his own language, for the following reasons: " All the above securities belonged to the estate when I qualified as executor. The Staten Island Gas Light Company became insolvent, has been reorganized, and these bonds are utterly worthless. The two bonds of the Columbus, Hocking Valley and Toledo Railroad Company and the coupons charged to me in the decree, on the former accounting, were the balance of a claim in favor of the decedent against Henry C. Hepburn. I have made every endeavor to collect these securi-

ties from Henry C. Hepburn, and have been unable to do so. I hold a certificate for 1,300 shares of the capital stock of the Tolima Mining Company, which belongs to the said Hepburn and is to be delivered to him when he surrenders the Columbus and Hocking Valley bonds. This stock of the Tolima Mining Company is also worthless." Objections, among others, were made to these credits and the questions raised were sent to a referee, who thereafter reported that the executor's accounts should be surcharged with both of the items; that as to the two bonds of the Columbus, Hocking Valley and Toledo Railroad Company, and the coupons referred to, the same had never, in fact, been received by the executor, but that he had not used due diligence in the performance of his duties in endeavoring to collect them, and for that reason he was chargeable with their value as fixed and determined by the decree entered in 1892; and as to the three bonds of the Staten Island Gas Light Company, the executor had no authority to retain them for more than one year after the same came into his possession, and having done so, he was chargeable with the value of such bonds as fixed and determined by the former decree, together with interest thereon at the rate of four per cent from that date. An order was thereafter made confirming the report, and a decree entered settling and adjusting the accounts in substantially the manner recommended in the referee's report, from which the executor has appealed. He urges that the decree is erroneous in four respects: (1) In surcharging his account with the value of the two Columbus, Hocking Valley and Toledo Railroad Company bonds, and the interest coupons; (2) in surcharging his account with the value of the three bonds of the Staten Island Gas Light Company, as fixed and determined by the decree of 1892, and interest thereon at the rate of four per cent from that time; (3) that a clerical error has been made in the decree, by which he has been overcharged with the sum of $1,613.52; (4) that he should have been allowed full commissions on the moneys received and disbursed by him. These alleged errors will be considered in the order named:

(1) As to the Columbus, Hocking Valley and Toledo railroad bonds and coupons, the learned surrogate held that the decree of 1892 was conclusive upon this question, and that if it be true, as found by the referee, that the executor had never in fact received

but three, instead of five bonds, as there stated, the only way in which relief could be obtained by him was by amending the former decree, and in this conclusion we fully concur. That decree could not be attacked collaterally. (*Culross* v. *Gibbons*, 130 N. Y. 447; *O'Connor* v. *Huggins*, 113 id. 511; *Matter of Hawley*, 100 id. 206; *Matter of Tilden*, 98 id. 434; *Jordan* v. *Van Epps*, 85 id. 427.) So long as it remained in force it was conclusive upon all of the parties before the court at the time it was entered as to all of the matters therein adjudicated. (*Matter of Tilden, supra; Matter of Hood*, 90 N. Y. 512.) It is also to be noted that, after the surrogate had thus held, the executor moved to amend the decree of 1892, which motion was denied and an appeal taken to this court, where the order of the Surrogate's Court was affirmed (*Matter of Douglas*, 52 App. Div. 303), we holding that the surrogate had no power, under subdivision 6 of section 2481 of the Code of Civil Procedure, to vacate a decree settling an executor's account upon the ground that an adjudication contained therein was erroneous, where the questions to which the adjudication related were contested and no appeal had been taken from the decree. Therefore, the decree of 1892, so far as the same relates to the railroad bonds, is *res adjudicata*. (*Cluff* v. *Day*, 141 N. Y. 580.)

(2) As to the three bonds of the Staten Island Gas Light Company, we are of the opinion that the account of the executor should not have been surcharged with this item. It is true, as a general proposition, they were not bonds or securities " of the nature or character " in which the executor was authorized to invest the funds of the estate, or to retain as an investment for more than one year after the same came into his possession, and the fact that he did not dispose of them within that time was, under the rule laid down in *King* v. *Talbot* (40 N. Y. 76) and *Mills* v. *Hoffman* (26 Hun, 594) and many other cases which might be cited to the same effect, a breach of trust which made him liable for any loss by reason thereof. This is the general rule, unless the executor shows to the court the existence of special facts or circumstances which make a longer time reasonable. (*Matter of Weston*, 91 N. Y. 502.) But the beneficiaries under the will of the testatrix knew, when the decree of 1892 was entered, that these bonds had not then been disposed of. The account which the executor then filed, and which

was the basis of that decree, showed that he had retained such bonds in his possession, and if they intended to hold him liable for any loss which had been sustained up to that time, or if they objected to his continuing to hold the same as securities for the estate, they were then called upon to object, and failing to have done so it must be held, under that decree, that they consented to his holding the bonds as an investment, and are now estopped from asserting to the contrary. (*Matter of Peck*, 31 App. Div. 407.) The decree, therefore, should be modified by striking out this item, together with the interest computed thereon.

(3) As to the alleged clerical error, it was conceded upon the oral argument, and is also conceded in the brief used, that a clerical error was made in the computation of the executor's accounts, in and by which he was overcharged with $1,613.52. This amount should also be deducted.

(4) As to commissions, we are of the opinion that the surrogate was right in holding that the executor was not entitled to full commissions. Upon his own motion he was discharged before the final completion of the trust created in the will. Under such circumstances, he ought not to have full commissions, that is, commissions for receiving and disbursing the money which came into his hands. The surrogate allowed him one-half commissions, and this is all he was entitled to. In any view, the amount to be awarded, he having asked to be discharged before the final completion of the trust, was in the discretion of the surrogate. (*Matter of Allen*, 96 N. Y. 327.)

It follows, therefore, that the decree should be modified as indicated in this opinion, and as thus modified the same should be affirmed, without costs to either party on this appeal.

VAN BRUNT, P. J., O'BRIEN and INGRAHAM, JJ., concurred.

Decree modified as indicated in opinion, and as thus modified affirmed, without costs to either party.