(39 Misc. Rep. 760.)

### In re ABBOT et al.

(Surrogate's Court, Kings County. February, 1903.)

1. TESTAMENTARY GUARDIANS—RESIGNATION.

Testamentary guardians, who are also testamentary trustees of an infant, will not be allowed to resign as trustees and continue as guardians.

2. TRUSTEES—RESIGNATION.

Where trustees resign of their own motion, they must bear the expenses of the application.

In the matter of the application of Edgar W. Abbot and another, trustees of Eliot McCormick, deceased, for leave to resign and have an accounting. Decree allowing application entered.

George G. Dutcher, for trustees Edgar W. Abbot and Charles W. Cummings.

Wilder & Anderson, for Laura Brenton MacDonald (formerly Laura Brenton McCormick), individually and as testamentary guardian of Theodore Brenton Eliot McCormick, an infant.

William E. Buckley, special guardian.

CHURCH, S. This is an application by two testamentary trustees who seek to resign. It appears that these trustees, together with one Laura Brenton MacDonald, are testamentary guardians of an infant, who is also the cestui que trust of the trust from which they seek to resign. These testamentary trustees do not seek to resign as testamentary guardians. If they are incapable of attending to their duties as testamentary trustees, then they certainly are incapable of attending to their duties as testamentary guardians, and no decree will be made by me herein accepting their accounts and discharging them as testamentary trustees unless they also resign as testamentary guardians. Assuming that they will present such application for resignation as testamentary guardians, I will pass upon their present account as testamentary trustees.

It appears that the trustees have, on the eve of this accounting, turned over to themselves as testamentary guardians of the infant in question the sum of $500, and objection is made to that payment. The reason of making this payment is not explained, and although counsel for the trustees was requested upon the argument to give some reason why this should be done he failed to do so. A payment made under these peculiar circumstances, when the party making the same is unable to show any reason therefor, is manifestly made for some ulterior purpose, whether it be good or bad it is impossible to say. Although an improper act, as it is deposited, however, by the guardians for the benefit of the infant, no actual money loss will be occasioned thereby, and therefore there is no necessity for surcharging them with this amount.

The second objection is to the payment of $500 by the trustees to their counsel for the legal services on this application. As this application was not required in the ordinary administration of the estate, and not for the benefit of the estate or the cestui que trust, but solely for the benefit of the trustees, the trustees have exceeded their duty in paying their counsel for such application from the funds of the estate. If trustees desire to resign they themselves should bear the expenditures occasioned by the matter, and not force the state to pay for their convenience. This item, therefore, is disallowed, and they are surcharged with this amount.

The trustees under the will, as interpreted by the decisions of the Appellate Division, should not turn over to the guardians of the infant the surplus income in their hands. On the contrary, the surplus income should be applied to the use of such infant, as may be directed by the surrogate. The trustees will not be allowed their commissions on the amount which they received from themselves on the previous accounting, but commissions will be allowed simply on the additional

income actually received.   Where trustees seek to resign their trusts, it is manifest that the estate should sustain as little loss thereby as possible; and, where it is apparent that the new trustees will be entitled to full commissions on the amount turned over to them, then the least that can be expected of the retiring trustees is that they shall not expect the estate to pay these commissions twice.   Upon it appearing that the testamentary trustees have also resigned as testamentary guardians, a decree will be entered settling their accounts, as above indicated, and discharging them as such testamentary trustees.

Decreed accordingly.