1. Executors—Accounting—Decree—Conclusiveness.

Where the decree on an accounting by executors, who, under the will, are required to invest and hold the assets of an estate, requiring them to pay over to themselves as trustees assets in their hands as executors, directs distribution of the estate, in the absence of irregularity or fraud, it is, under Code Civ. Proc. § 2743, conclusive as a judgment on each party to the special proceeding who was duly cited.

2. Same.

Where an adult was cited to an accounting by executors, who were ordered to pay over to themselves as trustees, the assets of an estate, he could not, on their accounting as trustees, question the propriety of investments made by them as executors, the decree on the accounting by the executors being a bar.

In the matter of the estate of Catharine Grant Halsted. Objections to account of trustee overruled in part.

Billings & Cardozo, for trustees.

George W. Carr, for objector Charles S. Halsted.

THOMAS, S. The duty of keeping the assets of the estate invested was imposed upon the executors by the will. Their acts in the performance of this duty were properly before the surrogate on their accounting, which ended in the decree of February, 1892, and their accounts then filed disclosed the sales of securities and investments which are now sought to be made the subjects of further litigation. That decree directed a distribution of the estate, since it required that the assets then remaining in the hands of the executors as such be thereafter held by them as trustees for the trust purposes set forth in the will. By the terms of section 2743 of the

Code of Civil Procedure, such a decree "must direct the payment and distribution thereof to the persons so entitled, according to their respective rights." The surrogate must determine to whom distribution is to be made, the sum to be paid, "and all other questions concerning the same"; and with respect to other matters "the decree is conclusive as a judgment upon each party to the special proceeding who was duly cited or appeared, and upon every person deriving title from such party." The party now objecting was then an adult. Citation was duly served upon him. The proceedings leading up to a decree are not claimed to have been irregular or fraudulent, and the strong inference, if not the clear proof, is that he was then satisfied with all that the executors had done. Under such circumstances the decree of 1892 was a final and conclusive determination as to the propriety of the sales of securities and the investment of the funds of the estate prior to the filing of the accounts and therein set forth and disclosed. Matter of Douglas, 60 App. Div. 64, 67, 68, 69 N. Y. Supp. 687; Matter of Union Trust Co., 65 App. Div. 449, 72 N. Y. Supp. 977; Brown v. Wheeler, 53 App. Div. 6, 65 N. Y. Supp. 436; Kager v. Brenneman, 47 App. Div. 66, 62 N. Y. Supp. 339, affirmed 165 N. Y. 674, 59 N. E. 1124; Cline v. Sherman, 144 N. Y. 601, 39 N. E. 635; Bowditch v. Ayrault, 138 N. Y. 222, 33 N. E. 1067; Matter of Denton v. Sanford, 103 N. Y. 607, 9 N. E. 490; Matter of Hawley, 100 N. Y. 206, 3 N. E. 68; Matter of Tilden's Ex'rs, 98 N. Y. 434. The decree on the former accounting is therefore a bar to the objections numbered 5, 6, 7, 14, and 15, and those objections will be overruled. Objections 1, 2, and 3 relate to questions of distribution which will arise upon the making of the decree, and will be reserved until that time, with the privilege to either party to present such proof before the referee as may be material thereto. The trial of the issues raised by the other objections may proceed before the referee already appointed.

Decreed accordingly.