In the Matter of the Accounting of CONTINENTAL BANK & TRUST COMPANY OF NEW YORK, as Trustee of a Trust Made by ROBERTA F. FRANK to Said Trustee.

Supreme Court, Special Term, New York County, November 1, 1949.

*Holtzmann, Wise, Shepard, Houghton & Kelly* for trustee, petitioner.

*Whitman, Ransom, Coulson & Goetz* for Crosby Field and others.

BOTEIN, J. This is an application by the petitioner trustee for judicial settlement of its account, for leave to resign, and for the appointment of a successor trustee. The petitioner seeks to resign because it is in the process of voluntary dissolution pursuant to the provisions of section 605 of the Banking Law, and in a proceeding brought for the purpose of such voluntary dissolution this court by previous order has authorized it to take all necessary steps to effectuate the disposition and transfer of all its trust, fiduciary or agency matters.

This trust was established seventeen years ago and the petitioner has rendered one account in that period, upon the death of the trustor seven years ago. The respondents do not oppose the resignation of the petitioner nor do they resist the filing of an account by the petitioner. They do object, however, to the approval of payment of legal expenses incurred by the trustee upon the ground that " this proceeding was not required in the ordinary administration of the trust estate and was not for the benefit of the estate, or for the benefit of the trust fund, and was brought solely for the benefit of said trustee and that such expenditure is not properly payable out of the trust assets and should be borne by the trustee exclusively in its individual capacity."

The respondents also object to the payment of principal commissions to the petitioner in connection with the turning over of the trust assets to a successor trustee, for the same reasons and upon the further ground that it would subject the trust estate to double expense, viz., one set of commissions for the resigning trustee and another set for the successor trustee upon its acceptance of the trust. This issue has been removed from the proceeding by the trustee's subsequent unreserved disclaimer of any right to receive the aforementioned commissions.

In support of its position the petitioner relies heavily upon *Matter of Delamater* (266 App. Div. 200, 204–205, affd. 292 N. Y. 518). In that case Lawyers Trust Company, as one of the cotrustees under a will, instituted a proceeding in the Surrogate's Court, New York County, seeking permission to resign as cotrustee and for the judicial settlement of its accounts. The accounting trustee had, in connection with its resignation and the judicial settlement of its accounts, employed counsel. The record on appeal reveals that one objector resisted payment of the attorneys' fees " upon the ground that such services as the said attorneys have and shall perform [*sic*] have been rendered necessary by the acts of the accounting executor and trustee

heretofore and hereafter objected to, and the expenses of the said accounting should be borne by the said accounting executor and trustee * * *.'' Another objector stated that the '' services rendered were not rendered on behalf of the estate, but solely on behalf of the accounting executor and trustee.'' The learned Surrogate, after trial of this and other issues raised by the objections, awarded $500 to counsel for the resigning trustee for services rendered in connection with the preparation and settlement of the trustee's account.

The Appellate Division, in addition to the foregoing ruling by the Surrogate, considered other aspects of his decree not pertinent to this proceeding. It concluded its opinion with the following: '' We are further of opinion that under all the circumstances the Trustee should be permitted to resign, but that *since it is resigning for its own convenience* and that it will be necessary to substitute another trustee it should not receive commissions on paying over the assets of the trust. We deem the sum of $500 allowed by the Surrogate for legal services to the attorneys for the Trustee to be sufficient.'' (Emphasis supplied.)

Here, too, the trustee is resigning for its own convenience. It urges the analogy with the *Delamater* case (*supra*) and contends that the holding requires approval of payment of its counsel fees from trust funds. However, in the *Delamater* case the trustee's convenience may well have been shaped by the internal affairs of the trust. Also, there were present other circumstances besides the desire of the trustee to resign which could have warranted an accounting and the preparation and submission of the account for which the trustee's counsel were paid; circumstances which first flared in a judicial setting through the respondents' objections and attempts to surcharge the trustee upon the rendition of its account. In this matter the trustee avowedly is resigning for reasons completely unconnected with the internal administration of the trust, namely, a consummated merger with another bank.

The issue of counsel fees was not a major point on appeal in the *Delamater* case (*supra*) and therefore was not discussed at greater length than above quoted. But at the least, the *Delamater* opinion, upon a mere showing that a trustee is resigning voluntarily for its own convenience, does not purport to forfend further consideration of its right to have its counsel fees paid out of the trust estate. On the other hand, the incidental approval given by the Appellate Division to the allowance of

counsel fees cannot be construed as authority for the payment of such fees in every case where a trustee resigns for its own convenience. The sounder view is that the propriety of such allowances rests in the discretion of the court. The area of precedent for allowance of compensation to resigning trustees is confined almost exclusively to a consideration of payment of their commissions; not of their legal disbursements. In view of the paucity of precedent concerning payment of counsel fees to resigning trustees, great weight must be given to payments of principal commissions under analogous circumstances.

The respondents cite a number of cases in this category, all drawing their nourishment from the leading case of *Matter of Jones* (4 Sandf. Ch. 615). This case held unequivocally that a trustee resigning from no cause other than his wish to be relieved of the duties of his trust may not subject the trust estate to any loss or expense thereby, must pay the costs of the petition and of the appointment of his successor, and will receive no commissions on the capital of the trust property. (See, also, in this connection *Matter of Bevier,* 17 Misc. 486; *Matter of Abbot,* 39 Misc. 760; *Matter of Edwards,* 10 Daly 68, and *Matter of Curtiss,* 9 App. Div. 285.)

But later cases seem to have relaxed slightly the surface absoluteness of the holding in *Matter of Jones* (*supra*). In *Matter of Allen* (96 N. Y. 327, 330) the petitioner, one of several trustees, resigned, and his successor was appointed. The court stated: " Compensation, therefore, cannot be claimed as of course, and if allowed must also be measured by a different rule from that which the law applies when the trusts created by the terms of a will, or otherwise, have been fully executed. * * * The court has power to award it, and within the statutory limit by which fees are allowed to executors and trustees, its amount is discretionary." (Cited in *Young* v. *Barker,* 141 App. Div. 801, 804, and *Matter of Douglas,* 60 App. Div. 64, 68.) Although these cases deal with allowances made to testamentary trustees, there is no reliance upon that circumstance nor upon separate statutory authority for the derivation of the discretion which they vest in the courts.

" In case of resignation of a testamentary *or other trustee* * * * the allowance of compensation is generally a matter largely of judicial discretion ". (Emphasis supplied.) (94 A. L. R. 1109 and cases therein cited.)

It is to be expected that resigning trustees' applications for principal commissions will be scrutinized more critically and

treated more harshly than applications for their counsel fees. In the former event not only will the trust estate be burdened by paying a double set of principal commissions, but there is an element of gain or profit to the trustee at the expense of the estate. Repeated resignations by succeeding trustees could materially deplete the corpus of a trust estate.

It may be, therefore, that the area of judicial discretion in allowing principal commissions to resigning trustees is pinched almost to the vanishing point. That is no longer my concern herein in view of the petitioner's disclaimer of principal commissions. Payment of its legal expenses, however, is reimbursement of a disbursement incurred by a resigning trustee, and cannot be translated into a profit by the trustee. While the causes or motives for resignation and the effects therefrom upon the trust estate must be examined and weighed with great caution, nevertheless the court is allowed some latitude in passing upon applications for counsel fees by resigning trustees.

Several factors attendant upon this trustee's resignation commend themselves to the favorable exercise of the court's discretion in acting upon the trustee's application. It has not made a practice of frequent or indiscriminate accountings; one accounting in seventeen years, and that required by reason of the trustor's death. The instant accounting is necessitated by the impending dissolution of the trustee, so its good faith in this regard cannot be challenged. I am not prepared to state that the trustee could not properly and appropriately have presented its accounting at this time if it were not in process of dissolution and therefore required to account. (Cf. *Brautigam* v. *Escher,* 2 Dem. 269.) In such event the trustees would clearly be entitled to reimbursement of its counsel fees in connection with the accounting. And, there will be some benefit derived by the trust estate in that its accounts will have been approved to date.

Furthermore, paragraph " Fifteenth " of the instrument of trust unqualifiedly confers upon the trustee the right to resign at any time. No such right was reserved to the trustee in the *Delamater* case (266 App. Div. 200, *supra*) nor, it appears, the trustee in any of the cases cited by the objectants herein. The right to resign is a contractual right of the trustee. It has rightfully resigned under the terms of that contract. No claim of negligence, overreaching or any impropriety is raised by objectants. It is not claimed that the petitioner is resigning capriciously or for any ulterior motive adversely affecting the estate. There would seem to be considerable merit in the petitioner's

contention that the payment by the trust estate of such legal expenses is an incident of resignation contemplated by the parties to the trust agreement.

For the foregoing reasons, petition is in all respects granted, including approval of the aforementioned item for legal services. As requested by respondents, Irving Trust Company will be designated as successor trustee. Settle order.