J. Vincent Keogh, J.
On this application by the corporate trustee of an inter vivos trust, created in 1925, to resign and be replaced by another corporate trustee, the special guardian of the infant respondents, while making no objection as to the substitution of trustees or to the payment of the expenses of the second intermediate accounting filed herewith, asks that the resigning trustee be required to reimburse the trust estate for “ receiving commissions ” which the incoming trustee would be entitled to receive. The “ receiving commissions ” were paid to the resigning trustee upon receipt of the corpus of the trust estate and the additions thereto as provided in the trust agreement. In this application the resigning trustee also seeks a judicial construction of paragraphs “ Second ” and “ Fourth ” of the trust agreement.
Insofar as the incoming trustee is concerned, there is no doubt that it will be entitled as a matter of right to the payment of commissions ‘1 for receiving the principal of the Trusts. ’ ’ (Matter of Baldwin, 209 N. Y. 601, affg. 157 App. Div. 897 [unreported in lower court]).
While not entitled to commissions as a matter of right, a trustee, resigning his trusteeship before it has terminated, whether the trust be created by will or otherwise, is entitled to be compensated for the services it has rendered within the discretion of the court, but not to exceed the statutory limitations. (Matter of Allen, 96 N. Y. 327; Matter of Douglas, 60 App. Div. 64.)
*547 ‘‘ For reasons involving no blame, he resigns, leaving the trust still existing and to be further executed by another person. Compensation, therefore, cannot be claimed as of course, and if allowed must also be measured by a different rule from that which the law applies when the trusts created by the terms of a will, or otherwise, have been fully executed. He takes it, if at all, as one of the terms or conditions of his discharge. The court has power to award it, and within the statutory limit by which fees are allowed to executors and trustees, its amount is discretionary.” (Matter of Allen, supra, p. 330; emphasis supplied.)
‘ ‘ As to commissions, we are of the opinion that the surrogate was right in holding that the executor was not entitled to full commissions. Upon his own motion he was discharged before the final completion of the trust created in the will. Under such circumstances, he ought not to have full commissions, that is, commissions for receiving and disbursing the money which came into his hands. The surrogate allowed him one-half commissions, and this is all he was entitled to. In any view, the amount to be awarded, he having asked to be discharged before the final completion of the trust, was in the discretion of the surrogate. (Matter of Allen, 96 N. Y. 327.) ” (Matter of Douglas, supra, p. 68; emphasis supplied.)
The foregoing doctrine regarding the payment of commissions to resigning trustees, as enunciated in the Allen and Douglas cases, has been applied by the courts to cases involving the payment of commissions to deceased trustees and executors. (Matter of Bushe, 227 N. Y. 85; Matter of Barker, 186 App. Div. 317, mod. 230 N. Y. 364.) li There has, however, grown up in this State the judicial rule that, when a trustee ceases the performance of his duties as such, prior to complete administration of the trust estate, he is, in the discretion of the court, entitled to reasonable compensation for the services performed. The soundness of such rule is conceded by the opposing parties.” (Matter of Barker, supra, p. 325.)
The Court of Appeals in the Bushe case made the following findings: “ There is no apparent reason for a discretionary power existing for a substituted testamentary trustee and not for a testamentary trustee who has died before completing his work and judicial accounting. In this particular executors, administrators, testamentary trustees and substituted trustees must all be treated alike. If the law is to approximate a science it must be uniform in similar cases. Matter of Barker (186 App. Div. 317, 325) has recently passed upon this very point. After giving the authorities it is stated: [There follows the above *548 quotation from the Barker case.] ” (Matter of Bushe, supra, pp. 92-93.)
In finding that a resigning trustee of an inter vivos trust was entitled to payment for the trustee’s legal expenses, on application for judicial settlement of its account and for leave to resign, the court, in the Matter of Frank (196 Misc. 535), based its conclusion upon decisions involving the allowance of commissions to the resigning trustees. The court said (p. 538): “ In view of the paucity of precedent concerning payment of counsel fees to resigning trustees, great weight must be given to payments of principal commissions under analogous circumstances.”
The court then reviewed cases involving the payment of commissions (p. 538):
“ The respondents cite a number of cases in this category, all drawing their nourishment from the leading case of Matter of Jones (4 Sandf. Ch. 615). This case held unequivocally that a trustee resigning from no cause other than his wish to be relieved of the duties of his trust may not subject the trust estate to any loss or expense thereby, must pay the costs of the petition and of the appointment of his successor, and will receive no commissions on the capital of the trust property. (See, also, in this connection Matter of Bevier, 17 Misc. 486; Matter of Abbot, 39 Misc. 760; Matter of Edwards, 10 Daly 68, and Matter of Curtiss, 9 App. Div. 285.)
‘ ‘ But later cases seem to have relaxed slightly the surface absoluteness of the holding in Matter of Jones (supra). In Matter of Allen (96 N. Y. 327, 330) the petitioner, one of several trustees, resigned, and his successor was appointed. The court stated: ‘ Compensation, therefore, cannot be claimed as of course, and if allowed must also be measured by a different rule from that which the law applies when the trusts created by the terms of a will, or otherwise, have been fully executed. *' # * The court has power to award it, and within the statutory limit by which fees are allowed to executors and trustees, its amount is discretionary.’ (Cited in Young v. Barker, 141 App. Div. 801, 804, and Matter of Douglas, 60 App. Div. 64, 68.) Although these cases deal with allowances made to testamentary trustees, there is no reliance upon that circumstance nor upon separate statutory authority for the derivation of the discretion which they vest in the courts.
“ ‘ In case of resignation of a testamentary or other trustee * * * the allowance of compensation is generally a matter of judicial discretion ’. (Emphasis supplied.) (94 A. L. R. 1109 and cases therein cited.) ”
*549 Because of the fundamental and basic similarity of the problems relating to commissions and legal expenses in such situations, it is worth noting that both the Court of Appeals and the Appellate Division affirmed without opinion the court’s decision to allow payment of the trustee’s legal expenses from the trust assets. (Matter of Frank, supra, affd. 278 App. Div. 694, affd. 303 N. Y. 894.)
As a condition to permitting the corporate trustee to resign herein, the court must consider, in the exercise of its discretion, the underlying facts. The trustee has without criticism protected the corpus of the trust for more than 32 years. The trustee is not withdrawing because of any impropriety. The trustee during the trusteeship has submitted only two intermediate accounts, one due to the death of a beneficiary and the other by reason of the instant application, thereby reducing the' costs of administration to an absolute minimum.
It is the court’s opinion that the resigning trustee should, as a condition to its discharge, reimburse the trust estate for the “receiving commissions” which the incoming trustee will be entitled to receive.
Under the circumstances disclosed herein the court, in the exercise of its discretion, is of the further opinion that the resigning trustee should be allowed the sum of $1,000 as compensation for services rendered.
There being no objection, the court approves an allowance of $2,000 to be paid to the attorneys for the petitioner for services rendered herein.
The fees of the special guardian shall be fixed on submission of the order.
Settle order on notice.