Judgment reversed upon the law and facts, and a new trial ordered, with costs to abide the event. All concur, except KRUSE, J., who dissents.

(121 App. Div. 426.)

## In re MURPHY.

(Supreme Court, Appellate Division, Second Department. October 11, 1907.)

1. APPEAL—FINDINGS OMITTED BY MISTAKE—SUPPLY BY DECISION ON APPEAL.

Where the refusal of the surrogate to find a certain fact is clearly an oversight, as the fact was admitted on the trial in practically the words of the proposed finding of appellant, the order entered on decision of the appeal from the surrogate should rectify the error by supplying such finding of fact.

2. WILLS—CONSTRUCTION—VESTED OR CONTINGENT ESTATES—TIME OF VESTING.

Testator two days before his death made his will, whereby he devised certain premises in trust, the rents and profits to be paid to his son D., if living at testator's death, for life, and in case of his death, if he survived testator, he devised the same to D.'s issue living at that time, and to the issue of such as might have died. He then directed that, in case of D.'s death without leaving issue, the property be sold and the proceeds added to his personal estate and disposed of as thereinafter directed. By the next clause of his will he directed that the residue of his real estate be sold and the proceeds added to his personal estate and disposed of as thereinafter directed. By a subsequent clause he gave the residue of his personal estate, including the proceeds of the real estate thereinbefore directed to be sold, to his wife in trust to pay the income during her life to two other sons and two daughters, and also with full power to dispose of the same among those four sons and daughters and their issue in such sums as she might see fit by her will, and in default of such disposition he gave the same to such four children and the issue of any dying leaving issue. Held, that the vesting of the remainder in the premises to be held in trust did not take place on testator's death, nor at the death of the widow, but rather on the death of the son D., and hence, the two other sons having died before D. without issue, and issue of both daughters having survived D., such issue were entitled to one-half each of the property, and one claiming under a devisee of one of the sons was without interest therein.

3. EXECUTORS—ACCOUNTING.

Charges for services rendered by an executor on an accounting were properly allowed out of the general estate, though the accounting had to do with the income of a fund held under a separate trust from that created in the residuary clause of the will, where, on the termination of such trust, the fund went back into the residuary estate.

Appeal from Surrogate's Court, Kings County.

Accounting of William E. Murphy as sole surviving executor of the last will of Thomas Murphy, deceased. From the decree of the surrogate, adjudging that the heirs of two daughters of decedent were entitled to one-half each of the remainder of certain real estate, Rebecca O'Brien, as administratrix of the estate of Mary Rebecca Murphy, appeals; and from that part of the decree allowing the executor certain moneys for services rendered on an accounting, Thomas Joseph Cunningham, as executor of Eliza Cunningham, deceased, appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Henry B. Johnson, for appellant O'Brien.
William Sullivan, for appellant Cunningham.
A. Dudley Britton, for respondent Murphy.
Edward J. Connolly, for respondent Becker and others.

HOOKER, J. Thomas Murphy, the elder, died in Brooklyn in the year 1867, leaving a last will and testament which was duly admitted to probate in Kings county. Letters of administration thereon were issued to his widow, Eliza, and his son, William E., Murphy. At his death the testator left him surviving his widow, Eliza, and his sons, William E., Thomas, Frederick, and Daniel, and his daughters, Eliza and Augusta. The son Thomas died in 1871 without issue, leaving by will the interest he had, if any, in the Water street property, the subject of the provision of the sixth paragraph of his father's will, to which reference is made hereafter, to Susan Strain. The decree under review awards her no interest in the Water street property, and she has not appealed therefrom. Eliza, the widow of Thomas Murphy, the elder, died in 1891 without having disposed of any portion of the estate of her deceased husband, either during her lifetime or by will. The daughter Augusta, whose name by marriage became Becker, died in 1892, leaving a will by which William V. Becker, Joseph F. Becker, Jr., and Claude M. Becker succeeded to all her interest in the premises in question. The son Frederick died in 1897, without issue, leaving a will under which his widow, Mary R. Murphy, succeeds to his interest in the premises. She died in 1901 intestate, leaving Rebecca O'Brien, the appellant, her sole heir at law and next of kin, who became administratrix of her estate. The son Daniel died in 1898 without issue. The daughter Eliza, whose name by marriage became Cunningham, died in 1901, leaving a will by which Thomas J. Cunningham, Mary G. Cunningham, and Elizabeth B. Cunningham succeeded to her interest in the premises.

The solution of the questions in relation to the will of Thomas Murphy, the elder, depends upon a construction of the sixth, seventh, and twelfth clauses thereof, which read as follows:

"Sixth.—I give and devise my house and land in Water street, in the city of New York, to Patrick O'Brien, of the city of Brooklyn, in trust to receive the rents and profits thereof, and pay the same to my son Daniel, if he be

living at the time of my death, for and during his natural life, and in case of his death, if he survive me, I give and devise the same to his children, if he has any living ·at that time and the issue of such as may have died leaving issue, such issue to take the share his, her or their parent would have received if living, and if he shall have died before me I give and devise the same to his children, if he shall have left any, and the issue of such as shall have died leaving issue, such issue to take the share his her or their parent would have received if living, and in case of the death of my said son without leaving issue I direct the said house and land to be sold and the proceeds thereof to be added to my personal estate and disposed of as hereinafter directed.

"Seventh.—I order and direct the residue of my real estate to be sold by my executors, as soon as they may deem expedient after my death, and the proceeds to be added to my personal estate and disposed of as hereinafter directed; and until such sale I give and devise the rents, issues and profits thereof to my wife Eliza."

"Twelfth.—I give the residue of my personal estate, including the proceeds of the real estate hereinbefore directed to be sold, to my said wife Eliza, in trust to invest the same at interest, and pay the income thereof during her life to my said two sons, Thomas and Frederick, and my said daughters Eliza and Augusta, and any portion of the principal, in her discretion, in such shares and at such times as she shall see fit; and also on the further trust and with full power to dispose of the same to and among my said children in this item named, and their issue in such sums and proportions as she shall see fit, in and by her last will and testament or by an appointment in the nature of a last will and testament, and in default of such disposition I give and bequeath the same to my said four children in this item named and the issue of such as may have died leaving issue—the said issue to take the share his, her or their parent would have received if living and in default of leaving such children or issue to the survivors or survivor of my said children."

William E. Murphy, the surviving executor of the will of Thomas Murphy, the elder, has possession of the Water street property, and had in hand at the time of the decree a certain balance of rents thereof, but had not sold the Water street property under the power given him under the will. The learned surrogate decided that the vesting of the remainder did not take place upon the testator's death, nor at the time of the death of his widow, but rather upon the death of the son Daniel, and hence the Cunningham heirs and the Becker heirs, deriving their respective interests from the daughters Eliza and Augusta, would each be entitled to one-half of the Water street property.

Rebecca O'Brien, claiming through the son Frederick, appeals from the decree. The questions raised are two:

First. Was the appellant Rebecca O'Brien the sole next of kin and heir at law of Mary Rebecca Murphy, the devisee of the son Frederick Murphy? The findings of the learned surrogate do not include one to that effect. The proposed findings of the appellant did, however, include one to that effect; but this was refused, and the appellant has excepted to such refusal. The refusal of the court to find this as a fact is clearly an oversight, for the fact was admitted upon the trial in practically the words of the proposed finding. The order entered upon the decision of this appeal should, therefore, rectify the error by supplying such finding of fact.

Second. Whether Frederick Murphy, under whom the appellant claims, had a vested interest in the Water street property or its pro-

ceeds, at the time of his death, and, if so, what that interest was. If the remainder in the Water street property vested upon testator's death, then, under paragraph 12 of the will, Rebecca O'Brien, the plaintiff claiming under Frederick G. Murphy, would be entitled to one-fourth; Susan Strain, claiming under Thomas Murphy, would be entitled to one-fourth; the Cunningham heirs to one-fourth; and the Becker heirs to one-fourth. If such vesting took place at the death of Eliza Murphy, the widow, then Rebecca O'Brien would be entitled to one-third, the Cunningham heirs to one-third, and the Becker heirs to one-third. If, however, the vesting did not take place until the death of Daniel, the Cunningham heirs would be entitled to one-half and the Becker heirs to one-half, as the learned surrogate decided.

The remainder did not vest upon the death of Thomas Murphy, the elder, the testator. The will was made on his deathbed, and within two days of his death. It could hardly have been in his contemplation that this remainder should vest upon his death, else he would not have been careful to provide in the twelfth paragraph that, in case any of the four children there named should die leaving no issue, the residuary of the estate should go to the survivors of them; and that the Water street property was contemplated with other property by the direction of that paragraph is shown by the reference to the proceeds of the real estate theretofore in the will directed to be sold, which included this property. Had Daniel died without issue before the death of the widow, Eliza, no element of doubt could have existed in relation to the disposition of the proceeds of the Water street property; for under the scheme of the will, if Daniel had died before the widow, without issue, the property was directed to be sold and the proceeds to be added to the personal estate and disposed of according to the twelfth paragraph, namely, in trust to the widow for the four children named in the twelfth paragraph, the trustee having power to dispose of it during her life or by will, and in case she left no will the remainder of this personal estate was to go to the four children there named, provided they were living at the time of the death of the widow Eliza, or left issue, in which case the issue would take the share of his or their parent, and if any of the children died without issue, the remainder of the residuum of the personal estate should go to the surviving of the four children. If, then, Daniel had died without issue, before the widow, Eliza, instead of subsequent to her death, it must be entirely clear that upon the death of the widow the remainder of the personal estate should go to the son Frederick and the daughters Eliza and Augusta; Thomas having died without issue before the widow and before Daniel.

The twelfth paragraph must have been written in contemplation of the possibility of the death of Daniel without issue subsequent to the death of the widow; and the time when the testator intended the persons mentioned in the twelfth paragraph should reap the benefit of the Water street property, in case of Daniel's death without issue, is evident from the direction that this property be sold upon Daniel's death without issue, and the proceeds be added to his personal estate and disposed of as directed in the twelfth paragraph. The sale of the

Water street property was not permitted until after Daniel's death without issue, and hence the proceeds thereof, as personal estate, could not find their way into the residuum provided for in the twelfth paragraph, nor benefit any of the persons named therein, until the death of Daniel without issue. The general intent, I take it, of the twelfth paragraph, is to give such property as the children might be entitled to thereunder to them or their issue, or to such as survive at the time such property fell in; and this is especially true of all property that might fall in before the death of the widow, Eliza, for the intent is very clearly expressed that such property as she held in trust, and as was undisposed of by her, should be on her death divided only among the survivors of the four children therein mentioned, provided the children who predeceased her left no issue. If I am right in interpreting the intention of the testator that the persons mentioned in the twelfth paragraph should take their interest at the time that the proceeds of the Water street property were added to the personal estate, the appellant Rebecca O'Brien has no interest therein, for she was not an issue of Frederick, who predeceased the widow, Eliza, leaving no issue. Of the four children mentioned in the twelfth paragraph, Thomas and Frederick died without issue. While Augusta died before Daniel, she left issue; and Eliza died subsequent to Daniel. Our conclusion, therefore, is that Frederick Murphy, under whom the appellant claims, had no vested interest in the Water street property or its proceeds at the time of his death, and could pass nothing therein by will, and that the surrogate's decree that the Cunningham heirs would be entitled to one-half thereof, and the Becker heirs to one-half thereof, is correct.

Certain parties to the record have appealed from so much of the surrogate's decree as allowed the executor certain moneys for services rendered in an accounting instituted by Mary R. Murphy, as executrix of Frederick Murphy, deceased, to compel him to account for the interest and income of a life estate to which Frederick Murphy was entitled under the eighth clause of the will of Thomas Murphy, the elder. It was admitted that these charges were fair and reasonable. We think that the learned surrogate decided correctly that, even though that accounting had to do with the income of a fund held under a separate trust from that created in the residuary clause of the will, yet it was proper that these expenses should be paid out of the general estate, for the reason that, on the termination of the trust created by the eighth clause of the will, the fund went into the residuary estate.

The decree should be affirmed, with one bill of costs to each party to the record who filed briefs in this court. All concur.