* * * and child." It is therefore undeniable that the fund which the compromise yielded is not a part of the general estate, and is held under a trust for those whose claims in a recovery by trial would be a proper subject of adjustment by the jury. When the only persons interested are the decedent's wife and child, it must be that each would have been awarded a substantial fraction of any verdict. The only definite direction contained in the act as to the disposition of the damages is here inapplicable, and the remaining question, therefore, is, What direction for disposition can be implied from the statutory declaration that the action shall be for the benefit of the wife and child?

It is argued by the guardian that since the administratrix did not bring her action to trial and obtain from the jury a direction for the distribution of the damages, she waived any right she might have to more than one-third of the fund which would be hers if the New York statute of distribution should control. The trouble with this suggestion is that the statute of distribution has nothing to do with the case. If the law of this state provided that in intestacy the child or children should receive all the personal estate of the intestate, could it be possible that in the application of the English statute, which in creating the property right expressly declares the widow a beneficiary thereof, she could be wholly excluded? Is it not a fallacy to apply our statute of distribution in cases of intestacy to a fund to which that statute has no application? That the fund must be divided between the wife and child is plain from the only statute which can be considered, and it is equally plain that the only division contemplated is such as will be just and practical. If two persons are beneficially entitled to the enjoyment of a fund and nothing is known of the proportion of their claims thereto, there can only be an equal division.

There is no circumstance to show that the rights of the participants in this fund are disproportionate. At the time of the decedent's death the widow was 24 years of age. The child was 9 years of age. The general estate accounted for is $547.23, and the amount realized upon the compromise is $2,222.09. These facts do not deter the mind from equal division.

The expenses of the accounting should be borne generally by the general estate. The allowance to the special guardian, $75, should be charged upon the special estate.

Decreed accordingly.

---

(89 Misc. Rep. 701)

## In re KELSEY'S ESTATE.

## In re EQUITABLE TRUST CO. OF NEW YORK.

(Surrogate's Court, New York County. March 8, 1915.)

1. TRUSTS ⬤⟿324—ALLOWANCES—OBJECTIONS.

On accounting by a substituted trustee, a beneficiary, who did not allege that disbursements allowed on the accounting by the original trustee were improper, cannot attack the disbursements.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 482; Dec. Dig. ⬤⟿324.]

---

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. TRUSTS ⬅316—TRUSTEES—COMPENSATION.

Where the court, which had discretion to allow commissions to the resigning trustee, did so, and the commissions were paid, they should be deducted from the corpus of the trust fund.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 445–459; Dec. Dig. ⬅316.]

3. TRUSTS ⬅274—ACCOUNTING—COUNSEL FEES.

On an accounting by a trustee, fees paid to an attorney should be apportioned between the income, which belonged to one beneficiary, and the principal, which belonged to another.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 389–392, 493; Dec. Dig. ⬅274.]

4. TRUSTS ⬅297—INTERESTS—REMAINDERMEN.

On an accounting by a trustee for the purpose of showing the condition of the estate, and payments made to life tenant, the rights of the remaindermen on the death of the life tenant cannot be adjudicated.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 416; Dec. Dig. ⬅297.]

In the matter of the estate of Charles Kelsey. Accounting by the Equitable Trust Company of New York as substituted trustee. On objections by Nellie Kelsey to allowances. Objections overruled.

Murray, Prentice & Howland, of New York City (Robert H. Strahan, of New York City, of counsel), for substituted trustee.

Frederic C. Scofield, of New York City, for William C. Gibson.

William H. Leupp, for life tenant.

J. Brownson Ker, of New York City, for contestant.

FOWLER, S. The Equitable Trust Company of New York, as substituted trustee under the will of Charles Kelsey, deceased, having filed an account of its proceedings, and objections thereto having been filed by Nellie Kelsey, who claims an interest in the estate as remainderman, the questions raised by the objections are now before the court for determination. The facts are undisputed.

[1] The first objection relates to payments made under a decree of this court to the trustee who was the immediate predecessor of the Equitable Trust Company. These payments were made in April, 1904, and consisted of necessary disbursements in connection with the accounting of the trustee and commissions for paying over the trust fund. It is not alleged by the objectant that the disbursements were improperly allowed by the decree of this court. The objection to the payment of these disbursements out of the trust fund will therefore be overruled. Matter of Murphy, 121 App. Div. 426, 106 N. Y. Supp. 183.

[2] The commissions for paying over the trust fund were allowed by the court and paid to the representative of the accounting trustee. Under the law as it existed at that time, the allowance of commissions to a resigning trustee was in the discretion of the court. Matter of Allen, 96 N. Y. 327. Commissions having been duly allowed to the representative of the resigning trustee on the value of the trust fund paid over to the substituted trustee, they are properly deducible from

the corpus of the trust fund. Woodruff v. N. Y., L. E. & W. R. R., 129 N. Y. 27, 29 N. E. 251; Matter of Murphy, supra.

[3] No accounting has been made by the trustee since 1904. The present accounting was filed upon the petition of Nellie Kelsey as a remainderman. Under these circumstances it seems to me that the $500 paid by the trustee to its counsel in this proceeding should be apportioned between income and principal, and that a reasonable apportionment would be $125 to income and $375 to principal.

[4] The objection to that part of the account which describes Nellie Kelsey as entitled "to a contingent remainder interest" cannot be considered in this proceeding, as this is only an accounting by the trustee for the purpose of showing the condition of the trust estate and the payments made to the life tenants, and does not involve a determination of the rights of the remaindermen. The words used in schedule L of the account in respect to Nellie Kelsey's interest in the estate are merely words of description. They will not be included in the decree to be entered on this accounting, and do not constitute an adjudication upon her interest in the trust estate. Upon the death of the life tenant the interest of Nellie Kelsey in the trust fund may be determined in any appropriate proceeding.

It appears from the papers submitted to me that since the filing of the account the participation mortgages to which objection was made have been disposed of, and that the proceeds have been invested in a bond and mortgage which is now held by the trustee as such. This eliminates the second and third objections to the account.

Submit decree in accordance with this decision.