J. Vincent Keogh, J.
This application is made by petitioner as trustee under an inter vivas trust for a judicial settlement of its account, for permission to resign, for the appointment of a substituted trustee and for a judicial construction that such substituted trustee shall be entitled to receive commissions at the statutory rate rather than at the lesser rate provided in the trust instrument. Opposition is made by the trust beneficiary to the latter phase of the relief sought and to approval of the sum of $2,500 counsel fee.
Legal basis for such opposition is offered under the familiar doctrine that a fiduciary having assumed the burden of a trust will not be permitted to relinquish it voluntarily for selfish purpose and in such manner as to impose an unwarranted burden on the trust estate. With that principle there can be no argument. The situation here presented, however, is not strictly such so that the relief sought rests in judicial discretion. (Cf. Matter of Allen, 96 N. Y. 327, 330; Matter of Delamater, 266 App. Div. 200, affd. 292 N. Y. 518; Matter of Frank, 196 Misc. 535.)
*767 With the approval of the State Superintendent of Banks petitioner is retiring from the trust field and for some years past has been engaged in such withdrawal. In doing so it occupies the position somewhat analogous to a corporation which is liquidating or whose corporate existence is coming to an end. In such aspect the situation is akin also to that where a surviving trustee dies and appointment of a successor devolves upon the Supreme Court, the substituted trustee in such case being entitled by express legislative direction to statutory commissions (cf. Personal Property Law, § 20; Real Property Law, § 111).
A similar view has been taken by this court in the First Department in the following instances: Matter of Continental Bank & Trust Co. of New York (Hawkins) (N. Y. L. J., Nov. 25, 1949, p. 1376, col. 7); Matter of Title Guar. & Trust Co. (Birch) (N. Y. L. J., Feb. 7, 1951, p. 476, col. 5); Matter of Title Guar. & Trust Co. (Baptist Church Extension Soc.) (N. Y. L. J., March 22, 1954, p. 8, col. 1). As shown therein it has been found difficult, if not impossible, to procure a substituted trustee willing to assume the manifold burdens and responsibilities of administering a trust such as this for less than the statutory rate. In the present instance petitioner has obtained the consent of the Kings County Trust Company, a responsible institution, to take over the trust, which is a comparatively small one, at the statutory rate.
Insofar as approval is sought and is resisted of the $2,500 counsel fee paid by petitioner to its attorney and charged to the estate in the account, the principle again is a familiar one that a fiduciary who arbitrarily and for selfish motives seeks to shed the duties which he has assumed is not entitled to cast this burden on the trust estate, but again exception is made in judicial discretion where the circumstances show that the resignation is prompted by reasons which are adequate and neither selfish nor arbitrary (Matter of Delamater, 266 App. Div. 200, supra). In this connection it is to be noted that this is the first judicial settlement which has been sought in the 36-vear period during which petitioner has been administering the trust, although petitioner might well have sought and obtained settlement of intermediate accounts with allowance of legal fees for preparing same. No commissions have been paid or are now sought on principal.
In view of the foregoing, payment of counsel fee will be approved in the sum of $2,250.
Petition granted accordingly. Settle order on notice.