J. Vincent Keogh, J.
This is a proceeding judicially to settle the first and second intermediate accounts of the petitioner as trustee of an express trust created on March 6, 1922, by John F. Dick for the benefit of himself and others. Permission to resign as trustee and to substitute in its place Bings County Trust Company is also sought.' In addition, petitioner *773 requests a construction of certain paragraphs of the indenture of trust.
The respondents assert that there has been a shrinkage of the principal of the trust fund in violation of paragraph “ Fourth ” of the indenture of trust and, accordingly, the trustee should be surcharged with such loss. Examination of the accounts reveals that there has not been any decrease upon sale or other disposition of capital assets but that a decrease in the charge value of the accounts had resulted from payments out of principal of administration and other necessary expenses. Although the indenture of trust contained a guarantee against shrinkage or loss of principal, there was no undertaking on the part of the trustee to be personally liable for administration expenses. The amount of $850 paid by the trustee for legal services rendered over a period of approximately 35 years appears reasonable and should be allowed. The respondents having consented, the trustee is relieved from investing solely in first mortgages on real estate in New York State as directed in paragraph “ Second ” of the indenture of trust. The principal of the trust may be invested in such securities or other property as shall from time to time be authorized for trust investment by the laws of New York State.
Under paragraph “ Fourth ” of the indenture of trust, it is provided that “ The trustee guarantees to the beneficiary or beneficiaries all the income and principal provided hereunder, and there shall be no default in the payment of any of the interest on any of the securities in which said trust fund may be invested; that the principal shall be invested in bonds and mortgages, or interest therein, with payment of principal and interest guaranteed by said Bond and Mortgage Guarantee Company or other satisfactory guarantor, and that there shall be no shrinkage or loss in the payment of the principal of such trust fund at the times when due ”.
By virtue of an order of the Superintendent of Insurance made in March, 1933, and by virtue of chapter 920 of the Laws of 1935, the petitioner became unable to procure first mortgages guaranteed by Bond & Mortgage Guarantee Company or by any other similar guarantor. Petitioner asks a construction of paragraph “ Fourth ” to the effect that the petitioner’s guarantee against shrinkage of the corpus and default in income terminated in law as of the date petitioner was unable to obtain first mortgages guaranteed by Bond & Mortgage Guarantee Company or and other similar guarantor and that the substituted trustee does not becoriie liable upon its appointment for shrinkage of corpus or default in income under the terms *774 of the indenture of trust (Matter of Title Guarantee & Trust Co. [Busch], N. Y. L. J., March 9, 1953, p. 771, col. 3). The guarantee of the trustee was not an unconditional guarantee. It was based on the premise that the investments would carry the guarantee of either the Bond & Mortgage Guarantee Company or a similar guarantor satisfactory to the trustee. When the statutory prohibition against further mortgage guarantees deprived the trustee of the protection upon which it conditioned its promise, the trustee was released of its obligation to guarantee against loss on investments other than those limited by the express terms of the trust agreement.
The petitioner also seeks a construction of the indenture of trust to the effect that the substituted trustee is entitled upon appointment to principal and income commissions payable out of the trust at the statutory rate in effect from time to time rather than at the rate set forth in such indenture of trust. A similar construction was requested and approved in Matter of McClement (8 Misc 2d 766). The reasoning in that decision may be applied to the instant application. Accordingly, the construction as sought is approved; the trustee is not surcharged ; motion to settle the trustee’s accounts is granted. Upon consent the petitioner is permitted to resign and Kings County Trust Company is appointed successor-trustee. Submit order.