■ In the Matter of the Estate of IRVING MILLER, Deceased. MARGOT M. JACOBS et al., Appellants; EDWARD LEE et al., Respondents.—In a proceeding for a final judicial settlement of the accounts of the trustees of the testamentary marital and nonmarital trusts of Irving Miller, deceased, objectants Margot M. Jacobs and Renee M. Tyroler appeal from an order of the Surrogate's Court, Nassau County (Radigan, S.), dated November 15, 1983, which dismissed certain objections to the final and supplemental account of the trustees.

Order affirmed, with costs payable by appellants personally.

Irving Miller died a resident of Nassau County on March 25, 1958. He was survived by his widow, Mildred L. Miller, a son and two daughters. Certain objections to the final judicial settlement of the accounts of the trustees of the testamentary

marital and nonmarital trusts of the testator have been previously resolved by this court *(Matter of Miller,* 99 AD2d 780). The instant appeal is from an order dismissing all remaining objections. We affirm.

Although attorney trustee Edward Lee discarded certain records concerning the trust and others were accidentally lost, there was no proof that any pecuniary loss to the estate resulted and the trustees' commissions are not, therefore, subject to forfeiture *(see, Matter of Ludlam,* 24 NY2d 828; *Matter of Baker,* 249 App Div 265; 2 Scott, Trusts § 205 [2d ed]).

We are persuaded by the evidence presented at the hearing that there were justifiable reasons for maintaining a portion of the trust assets in interest-bearing checking and savings accounts at commercial banks, upon the advice of investment counsel. The fact that slightly more income would have been earned had the trust purchased Treasury bills or commercial paper instead does not establish a breach of fiduciary duty which would entitle the estate to a surcharge *(see, Matter of Bank of New York,* 35 NY2d 512; EPTL 11-2.2).

We have reviewed objectants' remaining contentions and find them to be without merit. Gibbons, J. P., Thompson, Brown and Eiber, JJ., concur.