# In the Matter of the Estate of HUGH D. CAMP, Deceased.

Surrogate's Court, New York County, January 20, 1989

## APPEARANCES OF COUNSEL

*Mudge Rose Guthrie Alexander & Ferdon (Arthur J. Mahon* of counsel), for Caroline C. Sherman, petitioner.

## OPINION OF THE COURT

RENEE ROTH, S.

The 1984 enactment of SCPA 2312 allowing corporate trustees of trusts over $400,000 to charge "reasonable compensation" instead of the former fixed annual commissions has lead to disagreement between such trustees and the income beneficiaries over the increased commissions. In order to resolve

such disputes, some corporate fiduciaries have sought permission to resign (e.g., *Matter of McDonald,* 138 Misc 2d 577; *Matter of Bostwick,* NYLJ, Feb. 10, 1987, at 6, col 5). This is such a case.

In most instances, the proposed resignation does not affect the administration of the trust. However in the instant case, testator's will reserves certain powers, one of which is the power to invade principal, exclusively in the corporate trustee. The court is therefore asked to determine whether an individual trustee will be able to exercise such exclusive powers.

The facts are as follows. Testator Hugh D. Camp died April 19, 1974 leaving a will executed April 26, 1973 and a codicil executed October 4, 1973. The will created trusts which today exceed $7 million dollars. Initially, testator's wife was the income beneficiary of the marital trust and a permissible beneficiary of the residuary trust. After her death, testator's daughter, Caroline C. Sherman, became the income beneficiary of the largest trust. Her two children are the income beneficiaries of two smaller trusts. Mrs. Sherman is now a cotrustee of all the trusts.

The will as originally executed on April 26, 1973 named only two cotrustees, Morgan Guaranty Trust Company and Ada C. Camp, testator's wife, who as noted was then the primary income beneficiary of the largest trust. The will gave such trustees broad powers ranging from the power to withhold and accumulate income to the power to invade principal for the income beneficiaries of all the trusts. Consistent with applicable law, since Mrs. Camp was both a cotrustee and sole income beneficiary of the largest trust, paragraph SEVENTH, subdivision (B), of testator's will provided: "If and so long as the Beneficiary shall be a Trustee of any trust, all such powers in respect of such trust shall be vested exclusively in my corporate trustee."

However, a codicil, executed a few months later on October 4, 1973, named a third cotrustee, Arthur J. Mahon, testator's attorney and will draftsman. With the addition of an independent cotrustee, it was no longer necessary as a matter of law for testator to vest the exclusive powers in the corporate trustee. The codicil however did not change the above-quoted provision vesting the discretionary powers solely in the corporate cotrustee.

The petitioner in this construction proceeding is testator's daughter, Caroline C. Sherman. Since she is both an income

beneficiary and a trustee, she is disqualified by law from exercising the discretionary powers (EPTL 10-10.1).

The question is whether the independent surviving trustee can exercise the discretionary powers seemingly vested by the will exclusively in the corporate fiduciary. The statute governing the powers of successor or surviving trustees, EPTL 11-1.1 (b) (11), allows a surviving trustee to exercise all the powers of a resigning or deceased trustee unless "contrary to the express provision of the will". The petitioner cites no case in point and the court's own research reveals no New York decision interpreting the quoted statutory language. However, the cases establish a trend in the courts to construe liberally the powers of surviving or successor trustees (*Matter of Fox,* 292 NY 19; *Matter of Bainbridge,* 31 Misc 2d 720; *In re Duignan's Will,* 85 NYS2d 846; *see also,* Restatement [Second] of Trusts § 196, reporter's notes [Appendix, at 335]).

Here the testator did not expressly prohibit any successor or survivor trustee from exercising the special powers. The prohibition, if one exists at all, is an implied prohibition.

As in all construction cases, testator's intent should be ascertained from the will itself (*Matter of Jones,* 38 NY2d 189; *Matter of Kosek,* 31 NY2d 475; *Matter of Fabbri,* 2 NY2d 236). In this case, the powers seemingly given exclusively to the corporate trustee include the power to withhold and accumulate income (which benefits remaindermen to the detriment of income beneficiaries) and the power to invade principal (which benefits income beneficiaries to the detriment of remaindermen).

With respect to such conflicting powers, testator provided: "The powers granted by the foregoing provisions of this subdivision (B) shall be exercised in such manner as my Trustees shall believe will serve the best interests of the Beneficiary and his issue as a family group, but with primary regard for the interests of the Beneficiary and, to the extent my Trustees shall deem appropriate, the current interests of his issue, rather than for remainder or other successor interests."

The beneficiaries referred to in the above-quoted provision are the income beneficiaries of the three trusts, namely, testator's wife, daughter and grandchildren. The "remainder or other successor interests" are testator's great-grandchildren, unborn at the execution of the will. By expressing such a preference, testator made clear his intent to have his trustees exercise their discretion in favor of the income benefi-

ciaries to the detriment of the remaindermen. This direction leaves very little discretion to the trustees.

Moreover, although testator provided for the resignation of individual trustees, nowhere in his will did he make any provision for the substitution of another corporate trustee in the event Morgan Guaranty Trust Company resigned.

A respected treatise suggests that the selection of a corporate trustee is an indication that testator did not regard the trustees' power to be personal but rather "suitable for exercise by any ordinarily prudent trustee" since "a corporate trustee usually implies actual management by a trust officer who cannot be known to the settlor in advance, and who may be supplanted from time to time by another unknown official" (3, Bogert, Trusts and Trustees § 553, at 1749). Furthermore, where the testator's primary intention is to benefit the income beneficiaries of the trust, the inference is said to be stronger that discretionary powers, such as the power to invade principal, can be exercised by a successor trustee (Restatement [Second] of Trusts § 196, comment e).

Obviously, testator never contemplated the higher cost to the trust of "reasonable compensation". It is clear that his primary objective was to benefit his daughter and her children. They seek to avoid the increased expense of "reasonable compensation". Parenthetically, it is observed that if the corporate trustee terminated its trust department and no other corporate trustee chose to qualify, the court could not permit the discretionary authority to lapse (Matter of McClement, 8 Misc 2d 766).

In this instance, the corporate trustee is offering to resign to accommodate testator's family. It would appear that such action furthers testator's intent.

It is unfortunate that this corporate fiduciary's "reasonable compensation" is at the high end of the spectrum (Estate of Heming, NYLJ, Oct. 5, 1987, at 17, col 3) and that it makes no exception for trusts which were in administration prior to the enactment of this new method of determining trustees' fees. The court's options are circumscribed. Based upon the language of SCPA 2312 (2) (see, L 1984, ch 936, § 12) and its legislative history (see, mem of Senator Rolison, 1984 NY Legis Ann, at 320), it appears that the court has no authority to exempt preexisting trusts from "reasonable compensation". Under these circumstances, requiring the fiduciary to remain in office would not serve the best interest of the beneficiaries.

Based upon the foregoing, the court finds that the surviving individual cotrustee added by testator's codicil is not restrained from exercising the discretionary powers given to the corporate trustee under the will. Paragraph SEVENTH (B) of testator's will is construed to authorize survivor cotrustee, Arthur J. Mahon, to exercise any and all discretionary powers vested under the will in the resigning corporate cotrustee.