[647 NYS2d 537]

In the Matter of VINCENT CERBONE (Admitted as VINCENT T. CERBONE), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, September 23, 1996

### APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains *(Gary D. Egerman* of counsel), for petitioner.

*Vincent Cerbone,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was charged with 17 al-

legations of professional misconduct. The Special Referee sustained seven of the 17 charges. The petitioner has moved to confirm in part and disaffirm in part the report of the Special Referee. The respondent cross-moved to confirm in part and disaffirm in part the findings of the Special Referee or, alternatively, for an order dismissing all charges against the respondent.

Charge Seven alleged that in or about and between 1972 and 1988 the respondent acted as attorney for Mrs. Marie Todd, and after her death, for Mrs. Todd's estate. The respondent drafted wills for both Mrs. Todd and her sister, Harriet Ferris, who lived with Mrs. Todd. The respondent was named executor in both of their wills. The respondent's brother was named alternate executor.

In or about July 1982, when Mrs. Todd was almost 90 years old and bedridden with terminal cancer, she transferred the title of the home she lived in (hereinafter the Todd House) and additional property to Miss Ferris as a gift on the respondent's advice. Mrs. Todd died on or about January 4, 1983. In or about August 1983, the respondent, while executor for the Estate of Todd, attorney for the Estate, and attorney for Miss Ferris, prepared a contract for Miss Ferris to sell the Todd House and property to himself for $90,000. According to court papers submitted in Supreme Court, Westchester County, by Miss Ferris, in her civil action, the respondent's daughters had been substituted as the contracting parties by signing a duplicate, predated contract. The terms of sale were $50,000 cash with a $40,000 purchase-money mortgage payable over five years at 11% interest. In or about 1983 the property had been appraised at $90,500 by Arthur W. Gillette of Mt. Kisco for estate purposes. The property was appraised in 1990, as of the date of the sale, to be valued in 1983 at $300,000. As part of the sale agreement, Miss Ferris leased the house back from the respondent's daughters, having been advised that she could live there at a modest rent for the rest of her life. The original lease was for three years at $300 per month. Although the respondent suggested that Miss Ferris retain counsel, he also recommended counsel. The recommended counsel never spoke to Miss Ferris before the closing took place, never reviewed any documents with her, and appeared at her house for the first time when the documents were signed. As a result of the foregoing actions the respondent engaged in an impermissible conflict of interest and breached his fiduciary duty.

Charge Ten alleged that in 1976 Mrs. Marie Todd transferred property to her sister, Harriet Ferris. In 1984, the respondent told Miss Ferris that his sisters would be willing to buy this property and additional property previously transferred to Miss Ferris in 1982 under the respondent's supervision, and recommended that she sell. The contract price was $85,000. The property was appraised in 1990 to be valued in 1984, at the time of this sale, at $90,000 for the one property and $85,000 for the additional property. Miss Ferris was not represented by independent counsel for the sale, and the respondent was the only one who advised her concerning it. At the time the deed was executed, the respondent added his brother's name and his own name to the deed. By these actions, the respondent engaged in an impermissible conflict of interest and breached his fiduciary duty.

Charge Eleven alleged that the respondent is guilty of having engaged in an impermissible conflict of interest by acting as a real estate broker and as an attorney for the client in the same transaction. The respondent charged Miss Ferris $4,250 as a commission on the sale of the property referred to in Charge Ten, and charged her legal fees for representing her in this transaction.

Charge Twelve alleged that the respondent is guilty of overreaching and of violating the Surrogate's Court Procedure Act. In a decision and order of the Westchester County Surrogate, respondent was surcharged for taking advance fees and commissions from the Estate of Todd without prior court approval in violation of the SCPA. The respondent knew or should have known that his conduct was proscribed by the SCPA.

Charge Thirteen alleged that the respondent is guilty of failing to maintain a properly constituted fiduciary account in violation of EPTL 11-1.6 and Code of Professional Responsibility DR 9-102 (B) (1) (22 NYCRR 1200.46 [b] [1]). The respondent, as executor for the Estate of Todd, failed to establish a separate bank account for Estate funds.

Charge Fifteen alleged that the respondent drafted the will of Antonio S. Barboza and was named executor under the will. Mr. Barboza died on October 3, 1984. In April 1985, the respondent, as executor of the estate, executed a deed to real property located in the Town of Bedford, New York, to Mr. Barboza's daughter, Maria Soares de Pinho, one of the beneficiaries under the will. Mrs. de Pinho is a citizen of Portugal, speaks and reads no English, and resided in Bedford, where she worked as a housekeeper. Mrs. de Pinho wanted to sell the

property and return to Portugal. She met with the respondent and spoke to him only through a third party, Maria Teixeira, her employer. She told him she wanted to sell the property.

The respondent represented Mrs. de Pinho in attempting to sell the property. The respondent maintained that the property would be difficult to sell because there were title problems as a result of prior deeds which failed to make the boundary lines of the two lots contiguous. He also maintained that individually the lots were not buildable. The respondent had Mrs. de Pinho sign a deed in blank for the purpose of conveying the property. Mrs. de Pinho returned to Portugal in or about May 1985.

In or about December 1985, the respondent completed the blank deed and conveyed both parcels to himself and his wife as one parcel. The deed conveying the property to respondent bears Mrs. de Pinho's signature which is notarized in or about December 1985 when she was not in the United States. The tax stamps on the deed reveal the purchase price of the property as $40,000. In or about December 1986, the property was appraised at $80,000 for one parcel and $75,000 for the second parcel if an engineer's report determined it to be buildable. Both lots together, if one parcel was not buildable, were valued at $95,000. These values reflected a 10% increase above December 1985 values according to the appraiser. Mrs. de Pinho received $20,000 for the sale. As a result of the foregoing, the respondent engaged in an impermissible conflict and breached his fiduciary duty.

Charge Seventeen alleged that the respondent is guilty of engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation. The respondent directed or permitted a secretary employed in his law office to affix her notary stamp to Mrs. de Pinho's signature on a blank deed (for the transfer of property referred to in Charge Fifteen) at a time when Mrs. de Pinho was not present.

The Special Referee was correct in sustaining the aforementioned seven charges. Accordingly, the petitioner's motion to confirm in part and disaffirm in part the report of the Special Referee is granted to the extent that it seeks to confirm the report of the Special Referee and is otherwise denied. The respondent's cross motion is denied.

In determining an appropriate measure of discipline to impose we have considered the respondent's lack of prior discipline, and the fact that the aforementioned properties were all reconveyed to Ms. Ferris, upon her payment to the respondent

of an agreed-upon sum, in settlement of an action initiated by Ms. Ferris against the respondent. However, we also note that by his actions, the respondent engaged in an egregious conflict of interest. We find that the respondent's conflict of interest, coupled with his additional misconduct, warrants the imposition of a two-year suspension from the practice of law.

MANGANO, P. J., BALLETTA, MILLER, RITTER and THOMPSON, JJ., concur.

Ordered that the petitioner's motion to confirm in part and disaffirm in part the report of the Special Referee is granted to the extent that it seeks to confirm the report of the Special Referee and is otherwise denied; and it is further,

Ordered that the respondent's cross motion is granted to the extent that it seeks to confirm the report of the Special Referee and is otherwise denied; and it is further,

Ordered that the respondent, Vincent Cerbone, is suspended from the practice of law for a period of two years, commencing immediately, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of two years, upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Vincent Cerbone, shall desist and refrain (1) from practicing law in any form, either as principal, agent, clerk, or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.