■ In the Matter of the Estate of EDWARD M. STANLEY, Deceased. SAUL B. SCHWARZ, as Coadministrator C. T. A. of the Estate of EDWARD M. STANLEY, Deceased, Appellant; BANK OF NEW YORK, as Coadministrator, C. T. A., of the Estate of EDWARD M. STANLEY, Deceased, Respondent. [660 NYS2d 107] —Order of the Surrogate's Court, New York County (Renee Roth, S.), entered on or about July 22, 1996, which denied petitioner's motion for summary judgment granting him mutually exclusive signature powers over the estate accounts held by the coadministrator, respondent Bank of New York, is unanimously reversed, on the law, without costs or disbursements, and the motion granted.

Letters of administration *c. t. a.* were issued to petitioner Schwarz to serve together with the Bank of New York (the Bank), to whom such letters had previously been issued. Mr. Schwarz is also a legatee under the will. As of March 1995, a German court had issued a "Erbschein," which is a certificate of inheritance, granting the testator's widow, Jean Stanley, a life interest in real property located in Germany. On March 21, 1995, this Court, in an appeal from a will construction proceeding, found that the value of the testator's real property located in Germany should not be included to determine the widow's elective share (*Matter of Stanley,* 209 AD2d 70, 73). Schwarz had disputes with the Bank, his coadministrator, about, *inter alia,* the use of estate funds to commence proceedings in Germany to amend the Erbschein to conform with this

Court's decision in *Matter of Stanley (supra)*, to prosecute proceedings in Florida against the widow as a judgment debtor and to pay for Schwarz's travel expenses to Germany to inspect properties owned by the estate and to obtain the consent of the widow as life tenant to sell the real property. Schwarz moved for summary judgment granting him mutually exclusive signature powers to estate accounts held by the Bank. The Surrogate's Court denied his motion, holding in pertinent part: "Mr. Schwarz, who filed objections to the account as co-administrator and as a legatee, will benefit personally if he is successful. As a general rule, litigation expenses are paid initially by each party and, at the conclusion of the proceeding, the court may order that costs and allowances be paid either by a party personally, from estate assets, out of any person's share or interest, or from the foregoing in such proportion as justice requires (SCPA 2301 [4]). Petitioner has not alleged that he is incapable of paying these expenses from his own resources, nor has he shown any other reason why the court should deviate from the general rule."

The fact that there may be avenues under the Surrogate Court Procedure Act for petitioner to recoup expenses from the Bank, which he personally incurs, has no bearing on petitioner's right as an administrator to unfettered access to estate funds.

EPTL 11-1.1 (b) (13) and (22), respectively, empower fiduciaries (including administrators) to contest any claim or settle any claim in favor of the estate and to pay administration expenses including reasonable counsel fees. Indeed, a fiduciary may exercise, in his or her discretion, the above powers unilaterally, even without the consent of co-fiduciaries (*see, Matter of Leopold*, 259 NY 274; *Matter of Rubin*, 147 Misc 2d 981). Further, "every estate fiduciary, by virtue of his office, is entitled to the custody of the assets of the estate or fund. When there are two or more fiduciaries, each possesses an equal right in this regard" (*Matter of Slensby*, 169 Misc 292, 295).

Since Mr. Schwarz is a coadministrator of the estate, he has as much right to pay administration expenses as the Bank. There is no legal authority that bars a fiduciary, who is also a legatee, from using estate funds to administer the estate in his or her discretion. The fact that Mr. Schwarz may benefit personally from, *inter alia*, the re-litigation of the Erbschein, the prosecution of the claims against the widow in Florida and the successful challenge to the Bank's account claims is not relevant. Nor is it relevant that he may be able to recover the costs of these proceedings pursuant to SCPA 2301, 2302 (2) and

2110 (1). Mr. Schwarz is a fiduciary and should be able to use estate funds to cover administration costs (EPTL 11-1.1 [b] [22]; *Matter of Rubin, supra*). The litigation costs at issue herein are such administration costs since they are related to the recovery of estate assets.

In any event, to the extent that such costs do not constitute administration costs, or if Mr. Schwarz, in his capacity as fiduciary, uses the funds to the disadvantage of any person interested in the estate, then, as the Surrogate's Court aptly indicated, he "acts at his peril", exposing himself to liability (*Matter of Leopold, supra*; *Matter of Rubin, supra*). Accordingly, to the extent that Mr. Schwarz uses estate funds to pursue an action against the widow, which appears likely, and to the extent that such action infringes on her rights under the will, he can be·held accountable. Indeed, if the widow, or any other legatee, can show that Mr. Schwarz is mismanaging or misusing estate funds, he may be removed as a fiduciary (*see*, SCPA 711). Further, to the extent that the Bank, as coadministrator, disagrees with petitioner's use of estate funds, it may petition the court for direction (SCPA 2102 [6]; *Matter of Rubin, supra*). Concur—Sullivan, J. P., Rosenberger, Wallach, Nardelli and Williams, JJ.