■ In the Matter of the Estate of MARTHA EHMER, Deceased. INGE E. GABLER, Appellant; GERTRUDE E. MACLEOD et al., Respondents. [681 NYS2d 553] —In a probate proceeding, the appeal, as limited by the appellant's brief, is from so much of an order of the Surrogate's Court, Dutchess County (Bernhard, S.), dated December 16, 1997, as, upon renewal, adhered to so much of its prior determination in an order dated November 10, 1997, as sustained objections to the appellant's accounting to the extent that it provided for the disbursement of $22,231 in counsel fees on the ground that the disbursements were premature and surcharged the appellant in the same amount.

Ordered that the order is affirmed, with costs payable by the appellant personally to the respondent Gertrude E. MacLeod.

This appeal concerns an intrafamily dispute over the estate of the decedent Martha Ehmer (hereinafter the decedent). The appellant Inge E. Gabler is one of three beneficiaries of the estate and the decedent's daughter. The other two beneficiaries are the respondents Nancy Slavinsky Schneider, the executor of the estate of Karl Ehmer, the decedent's husband, and Gertrude E. MacLeod, the decedent's other daughter. Due to various disputed transactions prior to the decedent's death, Gabler sought to be and was appointed temporary administratrix of the estate. When Gabler filed her accounting as temporary administratrix, the respondents objected to, *inter alia*, the disbursement of $22,231 in legal fees in furtherance of an action against, among others, Karl Ehmer. The action was commenced, *inter alia*, to obtain the return of assets received by Karl Ehmer which were alleged to be properly part of Martha's estate. In the order appealed from, the Surrogate, upon grant-

ing renewal, adhered to a prior determination which disallowed the disbursement of legal fees as premature and surcharged the appellant in the same amount. We now affirm.

The appellant, in her capacity as temporary administratrix, possessed the authority to commence legal actions to benefit the estate, including commencing actions to recover estate assets (*see,* SCPA 903, 905; *Matter of Stanley,* 240 AD2d 268; *Spatz v Bajramoski,* 214 AD2d 436; *Matter of Hoffman,* 136 App Div 516; *Matter of Title Guar. & Trust Co.,* 114 App Div 778, *affd* 188 NY 542). However, she was bound to exercise good faith and reasonable care and prudence (*see, Matter of Stanley, supra; Matter of Hoffman, supra; Matter of Title Guar. & Trust Co., supra*). Here, given the early stage of the litigation against Karl Ehmer, and the concomitant lack of evidence in the record concerning this litigation and the expenses incurred thereon, we agree with the Surrogate that a determination as to whether the subject disbursement should be allowed is premature. Thus, the Surrogate did not err in disallowing the disbursement at this time. Ritter, J. P., Thompson, Santucci and Joy, JJ., concur.