■ In the Matter of the Estate of SOPHIA MATSIS, Deceased. ANGELO MATSIS, Appellant; ARISTIDES MATSIS, Respondent. [720 NYS2d 179] —In a proceeding to settle the account of Angelo Matsis as trustee of an inter vivos trust created by Sophia Matsis, deceased, the appeal, as limited by the appellant's brief, is from so much of an order of the Surrogate's Court, Queens County (Nahman, S.), dated July 2, 1999, as denied the motion of the trustee, Angelo Matsis, to modify a Referee's report (Spatz, R.), dated April 23, 1999.

Ordered that the order is modified, on the law and as an exercise of discretion, by deleting the provision thereof denying that branch of the motion of Angelo Matsis which was to modify so much of the Referee's report as directed him to pay an appellate counsel fee in the sum of $3,215.54 and substituting

therefor a provision granting that branch of the motion and modifying the Referee's report to the extent of directing that the trust, rather than Angelo Matsis personally, pay that fee; as so modified, the order is affirmed, with costs to the appellant payable by the trust.

The Surrogate improvidently exercised his discretion in failing to direct that the trust, rather than the trustee, Angelo Matsis, pay counsel fees incurred in defending an appeal taken by the objectant to the Appellate Term of the Supreme Court, First Judicial Department. That appeal resulted in an order dated December 24, 1997, in favor of the trustee. EPTL 11-1.1 (b) (22) provides that a trustee is authorized to pay for reasonable counsel fees that may necessarily be incurred. Counsel fees are properly awarded where the service provided is for the benefit of the entire trust, rather than an individual, and where the services rendered result in an outcome in favor of the trust (see, Matter of Greatsinger, 67 NY2d 177, 182). Here, the trustee, in defense of an action commenced by the objectant, successfully sought to protect the corpus of the trust for the benefit of the beneficiaries, rather than to protect his personal interests. Therefore, the trust should be directed to pay the counsel fee associated with the appeal in that action.

The trustee's remaining contentions are either without merit or not properly before this Court. O'Brien, J. P., Krausman, Florio and Luciano, JJ., concur.