■ In the Matter of the Estate of JOHN C. A. GERSTER, Deceased. JOHN W. GERSTER et al., Respondents; BLAIR ALLISON et al., Appellants. [726 NYS2d 90] —Order, Surrogate's Court, New York County (Eve Preminger, S.), entered on or about December 7, 1999, which granted the Trustees' motion for summary judgment dismissing appellants' objections filed against the Trustees' final account, unanimously affirmed, with costs.

The showing made by appellants, the remainder beneficiary of the Trust and the executor of the estate of the lifetime income beneficiary of the Trust, was insufficient to create a question of fact as to whether the Trustees breached their duty of care to either the income beneficiary or the remainder beneficiary during the period covered by the current account, March 14, 1990 through October 31, 1998, or that any such breach of duty caused a loss (*see, Matter of Goldstick*, 177 AD2d 225, 237, *mod* 183 AD2d 684).

The opinion offered by appellants' expert did not succeed in demonstrating that the Trustees made imprudent investments, either under EPTL 11-2.2 or under EPTL 11-2.3, particularly since the expert failed to take into account payable capital gains taxes and the expenses paid yearly out of trust principal, or the fact that the two indices he considered as a point of comparison are solely equities-based, rather than the requisite "balanced portfolio." Nor have we reason to accept the proposition that the investment in or retention of United States Treasury bills represents an imprudent investment (*cf., Matter of Bankers Trust Co.*, 219 AD2d 266, *lv dismissed* 87 NY2d 1055; *Matter of Miller*, 116 AD2d 580, 581, *lv dismissed* 67 NY2d 609). Concur—Ellerin, J. P., Lerner, Saxe, Buckley and Friedman, JJ.