■ In the Matter of HAWWA A. GLORIA V. et al., Appellants; JONATHAN A. WEINSTEIN et al., Nonparty Respondents. [779 NYS2d 578]—

In a proceeding, in effect, to judicially settle an annual account of the co-trustees of a supplemental needs trust, the co-trustees, Gloria V. and Bank of New York, appeal, by permission, as limited by their brief, from stated portions of an order of the Supreme Court, Queens County (Taylor, J.), dated March 21, 2003, which, inter alia, directed the Bank of New York to refund to the trust commissions it received in excess of $679.33 and directed the co-trustees to refund all legal fees paid by the trust.

Ordered that the order is modified, on the law, by (1) deleting the second decretal paragraph thereof and substituting therefor a provision allowing commissions of $9,283.86 as set forth in the account, and (2) deleting the third decretal paragraph thereof directing the refund of all legal fees paid by the trust; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith, including a determination of whether legal fees paid by the co-trustees from the trust were reasonable and properly charged to the trust.

By infant compromise order dated September 11, 2000, approving the settlement of a medical malpractice action brought on behalf of Hawwa A. and his mother, Gloria V., the Supreme Court authorized establishment of a supplemental needs trust for Hawwa A. The order appointed the appellants, Gloria V. and the Bank of New York, who previously were appointed guardians of the property of Hawwa A., as co-trustees of the supplemental needs trust and approved the trust instrument. The trust instrument authorized the Bank of New York to be compensated for services "in accordance with its schedule of rates, published from time to time and in effect at the time the compensation is paid" and directed that Gloria V. "and any individual successor Trustee shall not be entitled to receive compensation." The trust instrument granted the trustees powers "including but not limited to the discretionary powers enumerated in" EPTL 11-1.1, which could be exercised "without authorization by any court."

The infant compromise order required the appellants to submit annual accountings. At issue here is the appellants' accounting for the year 2001. The items at issue are trustee's commissions of $9,283.86 paid to the Bank of New York and legal fees of $10,811.91 paid to the attorneys for the appellants as co-trustees of the supplemental needs trust.

The Supreme Court, in the order appealed from, limited trustees' commissions to $679.33 for the year 2001 and held that "[a]ny future compensation requested shall not be awarded unless prior court approval is obtained and submitted at the time of the annual accounting." Further, the Supreme Court directed that the legal fees of $10,811.91 already paid be returned to the supplemental needs trust and "no fees shall be paid to counsel" without prior approval of the court upon the submission of "a detailed and specific Attorney's Affirmation of Legal Services."

SCPA 2312 (1) provides that if the trust instrument "makes provisions for specific rates or amounts of commissions (other than a general reference to commissions allowed by law or words of like import) for a corporate trustee . . . a corporate trustee shall be entitled to be compensated in accordance with such provisions" (*see Matter of Jakobson*, 256 AD2d 465 [1998]). SCPA 2312 (6) provides, in pertinent part, that "commissions allowed by subdivision 1 . . . may be retained, at any time or from time to time during the year in which such commissions are earned." There is no provision therein requiring prior court approval before a corporate trustee may take commissions.

The trust agreement approved by the Supreme Court provided that the Bank of New York was entitled to compensation for its services "in accordance with its schedule of rates, published from time to time and in effect at the time the compensation is paid." The trust instrument stated that commissions were "[s]ubject to the approval of the court upon the filing of the annual accounting."

In the event that a corporate trustee pays excessive commissions to itself, the remedy is to determine the amount improperly paid and direct the trustee to return the excessive amount with interest at the statutory rate of 9% per annum (*see* CPLR 5004; *Matter of Prankard*, 245 AD2d 566 [1997]). In paying commissions to itself without prior court approval, a corporate trustee acts at its peril, since it is subject to liability for interest on commissions improperly taken. However, in the instant case, there is no indication that the commissions were improperly calculated or any other basis in the record to set aside the commissions or reduce the amount thereof.

The trust instrument granted the trustees powers pursuant

to EPTL 11-1.1 which include the power to "pay all other reasonable and proper expenses of administration . . . including . . . any reasonable counsel fees" (EPTL 11-1.1 [b] [22]). The general rule is that a fiduciary may exercise powers pursuant to EPTL 11-1.1 "unilaterally, even without the consent of cofiduciaries" (*Matter of Stanley*, 240 AD2d 268, 269 [1997]). In the instant case, the trust instrument specifically provided that such powers were "to be exercised . . . without authorization by any court."

In a proceeding for judicial settlement of an account, the court has the power to initiate an inquiry into items of an account before approving them (*see Matter of Stortecky v Mazzone*, 85 NY2d 518, 525 [1995]; *Matter of Felice*, 1 Misc 3d 909 [A], 2004 NY Slip Op 50009[U]). In the instant case, the Supreme Court did not determine that the legal fees were not properly charged to the trust or were not reasonable. Rather, the Supreme Court found that the trustees acted improperly in paying the fees without prior approval, and directed their return. The proper procedure was to determine whether the fees paid were proper and reasonable, and to direct the return, if any, of excessive fees plus interest (*see Matter of Prankard, supra*).

The documentation submitted to the Supreme Court indicates that a portion of the legal fees paid was attributable to the efforts of the Bank of New York to resign as co-guardian of the property of Hawwa A. If a fiduciary is resigning for its own convenience, legal fees may be denied or reduced (*see Matter of Delamater*, 266 App Div 200 [1943], *affd* 292 NY 518 [1944]; *Matter of McClement*, 8 Misc 2d 766 [1954]). Where the trustee expends legal fees to protect its own personal interests such fees should not be charged to the trust (*see Matter of Matsis*, 280 AD2d 480 [2001]). However, under other circumstances, where the resigning fiduciary is not guilty of negligence, overreaching, or any impropriety, legal fees attributable to the resignation may be awarded (*see Matter of Frank*, 196 Misc 535 [1949], *affd* 278 App Div 694 [1951], *affd* 303 NY 894 [1952]). The Supreme Court, upon remittitur, should determine whether the legal fees paid by the co-trustees from the trust were reasonable and properly charged to the trust.

The appellants' remaining contention is not properly addressed to this Court. Santucci, J.P., Goldstein, Luciano and Mastro, JJ., concur.