■ In the Matter of KENNETH DAVIS. JEANNETTE DAVIS et al., Appellants. NEW YORK CITY HUMAN RESOURCES ADMINISTRATION, Nonparty Respondent. [790 NYS2d 409]—

In a proceeding, in effect, to judicially settle an annual account of the cotrustees of a supplemental needs trust, the cotrustees, Jeannette Davis and Bank of New York, appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Pesce, J.), dated July 14, 2003, as directed the co-trustees to refund $20,619 in legal fees paid by the trust.

Ordered that on the Court's own motion, the notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith, including a determination of whether legal fees paid by the cotrustees from the trust were reasonable and properly charged to the trust.

While the general rule is that a fiduciary may exercise powers pursuant to EPTL 11-1.1 "unilaterally, even without the consent of co-fiduciaries" (*Matter of Stanley,* 240 AD2d 268, 269 [1997]), in a proceeding for judicial settlement of an account, the court has the power to initiate an inquiry into items of an account before approving them (*see Matter of Stortecky v Mazzone,* 85 NY2d 518, 525 [1995]; *Matter of Felice,* 1 Misc 3d 909 [A], 2004 NY Slip Op 50009[U] [2004]).

As was the case in *Matter of Hawwa A.* (9 AD3d 362 [2004]), the Supreme Court did not determine that the legal fees were not properly charged to the trust or were not reasonable. Rather, the Supreme Court found that the trustees acted improperly in paying the fees without prior approval, and directed their return. "The proper procedure was to determine whether the fees paid were proper and reasonable, and to direct the return, if any, of excessive fees plus interest" (*Matter of Hawwa A., supra* at 365; *see Matter of Prankard,* 245 AD2d 566 [1997]).

Upon remittitur, the cotrustees shall be entitled to submit documentation in support of the disbursement. Florio, J.P., Schmidt, Rivera and Lifson, JJ., concur.