■ In the Matter of the Estate of JOSEPH LANZA, Deceased. JOHN M. MCFAUL, Respondent; JOHN PASCALE, Appellant. LOUIS M. ROSENBLATT, Nonparty Respondent. [798 NYS2d 450]—

In a proceeding to compel John Pascale, as executor of the estate of Joseph Lanza, to reimburse the estate for $361,000, transferred to the escrow account of his then-attorney, Kathleen Trum, and not returned, and to revoke John Pascale's letters testamentary, John Pascale appeals from (1) a decree of the Surrogate's Court, Queens County (Nahman, S.), dated January 30, 2004, which, inter alia, revoked the letters testamentary issued to him and issued letters testamentary to the Public Administrator of the County of Queens, and directed John Pascale to deliver the principal sum of $361,090.20 to the Public Adminis-

trator of the County of Queens and (2) an order of the same court dated October 15, 2004, which denied his motion, denominated as one for renewal and reargument, but which was, in fact, a motion for reargument.

Ordered that the decree is affirmed; and it is further,

Ordered that the appeal from the order is dismissed on the ground that no appeal lies from an order denying reargument; and it is further,

Ordered that one bill of costs is awarded to the respondents payable by the appellant personally.

The appellant violated EPTL 11-1.6 by relinquishing control of estate funds that were entrusted to him to his then-attorney, who placed those funds in her escrow account (*see Matter of Cerbone*, 224 AD2d 153, 155 [1996]; *Matter of Pinchefski*, 179 App Div 578, 581 [1917]; *Matter of Seife*, 37 Misc 2d 863, 867 [1962]). Further, the appellant failed to monitor the escrow account, allowing the funds to be depleted through a series of unauthorized withdrawals occurring over a nine-month period. Under the circumstances, he was personally responsible for the loss (*see* EPTL 11-4.7 [b]) and was properly removed as fiduciary based upon his misconduct (*see Matter of Duke*, 87 NY2d 465, 473 [1996]; *Matter of Stanley*, 240 AD2d 268, 270 [1997]; *Matter of Rimland*, 205 AD2d 693, 694 [1994]).

The appellant's remaining contentions are without merit. S. Miller, J.P., Goldstein, Crane and Lifson, JJ., concur.