Decrees, Surrogate’s Court, New York County (Kristin Booth Glen, S.), entered on or about June 8, 2012, which, to the extent appealed from as limited by the briefs, imposed a surcharge of $230,256.57 plus interest on petitioner Jeffrey S. Lasdon as trustee with respect to a trust for objectant Daniel A. Abrams, imposed a surcharge of $397,893 plus interest on petitioner with respect to a trust for objectant Michael B. Abrams, awarded petitioner commissions, legal fees, and costs, and denied object-ants’ applications for legal fees and costs, unanimously modified, on the law, to eliminate the surcharges and interest, and otherwise affirmed, without costs.
Objectants Michael Abrams and Daniel Abrams, the beneficiaries of two trusts, asked the trustees (including petitioner) to distribute their trusts in kind in 2004 and 2007, respectively. There was a lengthy delay in distribution during which object-ants did not ask the trustees to sell stocks held by the trusts. During the delay, objectants each received income from their respective trusts. As a result, the beneficiaries’ position is the same as if they had received their stocks back in 2004 and 2007: they own the number of shares to which they are entitled. To be sure, the beneficiaries were deprived of the ability to do what they wanted with the stocks during the period of delay in distribution. However, they did not show that the measure of damages for this deprivation is the difference in the value of the stocks between the date the beneficiaries received them and the date they should have received them; rather, that measure of damages assumes that the beneficiaries would have sold the stocks. Thus, they failed to demonstrate that the imposition of a surcharge (the difference in the value of the stocks on the date they should have been distributed and the date they were actu *500 ally distributed) is warranted (see Matter of Bankers Trust Co. [Siegmund], 219 AD2d 266, 272 [1st Dept 1995], lv dismissed 87 NY2d 1055 [1996]; Matter of Rothko, 84 Misc 2d 830, 872 [Sur Ct, NY County 1975], mod on other grounds 56 AD2d 499 [1st Dept 1977], affd 43 NY2d 305 [1977] [where there is a breach of duty of fiduciaries of a trust, beneficiaries are entitled to be put in position they would have occupied if no breach was committed]; Matter of Jacobs, 152 Misc 139, 143 [Sur Ct, Delaware County 1934] [trustee must account to beneficiary in cash for market value of securities in which trust was invested at date of termination of trust unless beneficiary elects to accept trust corpus in kind]).
It was not an improvident exercise of the Surrogate’s discretion (see Matter of Bushe, 227 NY 85, 90 [1919]) to award petitioner commissions. Petitioner did not engage in fraud, gross neglect of duty, intentional harm to the trust, sheer indifference to the rights of others or disloyalty (see Matter of Armstead v Morgan Guar. Trust Co. of N.Y., 13 AD3d 294, 295 [1st Dept 2004]; see also Matter of Saxton, 274 AD2d 110, 121 [3d Dept 2000]). Petitioner’s failure to keep records of objectants’ trusts does not warrant denial of commissions; there is no evidence that this failure resulted in pecuniary loss (see Matter of Miller, 116 AD2d 580, 581 [2d Dept 1986], lv dismissed 67 NY2d 609 [1986]).
Objectants contention that the Surrogate should not have awarded petitioner attorneys’ fees due to his misconduct is unavailing (see Matter of Ducker, 3 AD2d 852 [2d Dept 1957] [attorneys’ fees paid out of trust where trustee delayed in distributing assets to beneficiary]; Matter of Dubens, NYLJ, Oct. 28, 1974 at 18, col 4 [Sur Ct, NY County 1974] [same]). In any event, the Surrogate reduced the fees requested (see Matter of Hawwa A., 9 AD3d 362, 365 [2d Dept 2004]).
Objectants contend that petitioner is not entitled to annual commissions pursuant to Surrogate’s Court Procedure Act § 2309 (2) because he failed to render the annual statements required by SCPA 2309 (4). With respect to the two-thirds of the commission payable from principal (see SCPA 2309 [3]), this argument is unavailing (see SCPA 2309 [4] [“A trustee shall not be deemed to have waived any commissions by reason of his failure to retain them at the time when he becomes entitled thereto; provided however that commissions payable from income for any given trust year shall be allowed and retained only from income derived from the trust during that year”]; see also Margaret V Turano, Practice Commentaries, McKinney’s Cons Laws of NY, Book 58A, SCPA 2309).
*501 The Surrogate properly denied objectants’ request for reimbursement of their legal fees. As noted above, petitioner did not act maliciously or in bad faith (see Saxton, 274 AD2d at 121; see also Matter of McDonald [Luppino], 100 AD3d 1349, 1352 [4th Dept 2012]). Moreover, the fact that we have eliminated the surcharge is an additional reason not to require petitioner to pay objectants’ legal fees (see Matter of Goldstick, 177 AD2d 225, 247 [1st Dept 1992], mod on other grounds 183 AD2d 684 [1st Dept 1992]).
We have considered objectants’ remaining arguments and find them unavailing.
Concur—Gonzalez, EJ., Friedman, AbdusSalaam, Román and Clark, JJ.